SUSAN MANCHESTER *v.* MARCENA MANCHESTER.

*Practice.*

In the case of a petition for divorce, the testimony of neither party is admissible on the main issue.

Nor is the wife a competent witness, under the act of 1852, for or against her husband, in any civil suit or proceeding.

BY THE COURT, REDFIELD, Ch. J.    This is a petition for divorce.    On the part of the libellant, her deposition is offered as evidence on the main issue, and we are informed that of the libellee has been taken, and is ready to be offered.    This testimony is relied upon, as having been made admissible by the statute of this State, passed at the last session.

The words of the statute are, "No person shall be disqualified. as a witness in any civil suit or proceeding at law, or in equity, by reason of his interest in the event of the same, as a party or otherwise."

This provision is broad enough no doubt, to include a proceeding of this character, "any civil suit or proceeding, in law or equity," is as broad, as could well be imagined.    And if the statute provided, in terms, that all parties should be witnesses, no doubt both parties to this proceeding would be thereby rendered competent.    But the statute is not so broad as that.    It only provides that no one shall be disqualified, as a witness, by reason of interest or being a party.    Those disqualifications are removed, but no others, by this act.

It is now urged, that the husband and wife are incompetent to testify for, or against each other, upon the ground of the intimate and confidential relation subsisting between them, and the ill consequences likely to follow such a rule of admission.    For if they can testify for each other, they must, on cross examination, be allowed to answer questions, tending to elicit testimony against each other, and the converse of the rule will follow, that they may testify against each other, and this must very essentially tend to destroy that confidence and harmony between them, which is so essential to the quiet and happy subsistence of the relation.    This is substantially the reason of the exclusion urged.    And it must

XXIV.        42

be allowed that such a rule, with more or less of qualification, has been upheld and practiced upon, both at common law and in the American States. And the exclusion has been extended even to testimony offered by one party, after the divorce of the other, but to that extent, the rule is questioned.

We think there is no class of cases to which this rule of policy applies with more force, than to these proceedings for divorces. It seems to us, too, that it must be regarded as questionable whether it will be held allowable under this statute, for the husband or his antagonist to call their own and each other's wives. Such a result is certainly very much to be deprecated, and we think is neither expressly or impliedly justified by the act.

We think, therefore, that this testimony, and that of the husband is inadmissible, in this case. We make no account of a counter decision made upon this point at Rutland, without a moment's consideration.

The case of *Barbat* v. *Allan,* 10 Eng. Law and Equity Rep. 596, shows that the court of Exchequer have made a similar decision in regard to their statute, which is not unlike our own, and upon grounds which favor the construction we have adopted.