SENECA SMITH *v.* CHARLES W. POTTER, *Apt.*

*Witness.     Proof of statutes of other states.     Depositions.     Award.*

The widow of one who, while living, was either a party to or interested in the suit, is a competent witness, if her testimony does not involve the disclosure of matters of confidence between her and her deceased husband, or affect his character.

Legal proof of the statutes of another state is required where they affect the merits of the trial. Sworn copies of them are the best evidence; but the authorized statute books of the state are ordinarily sufficient.

The practice in regard to depositions is an exception to this rule.

An award is fatally defective if it is not full and final upon all the matters submitted.

ASSUMPSIT, upon an award; and for the use and occupation of a house, out-buildings, and lot of land by the defendant and one Simeon Dunson, since deceased; goods sold, money paid, &c. Plea, the general issue; trial by jury, September Term, 1854,—PIERPOINT, J., presiding.

The plaintiff's testimony tended to show that he leased to the defendant and one Simeon Dunson, since deceased, a lot of land with a dwelling-house, office and other buildings thereon, situated in Granville, in the state of New York, for one year from the 1st of April, 1843; for which the defendant and Dunson were to pay fifty dollars in money, repair and make new fences and gates upon the premises wherever necessary, repair the barn and paint the house, office, fence and wood-house with two good coats of paint; that it was a part of the agreement that they would not occupy the office except by their own families, and that, if by the laws of

New York, the landlord was liable, as between him and his tenant to pay the taxes when there was no contract in reference to them, that the defendant and Dunson should be allowed the amount of taxes upon said premises, paid by them, towards the rent; that the defendant and Dunson failed to perform their contract as to painting and repairing, and that they rented the office.

The testimony also tended to show, that in September, 1844, the plaintiff presented to the defendant and Dunson a specification of his claims against them for not fulfilling their agreement, and that it was agreed that the same should be, and that it was submitted to the decision and award of Isaac W. Thompson, who, after hearing the parties, made his award upon a paper furnished him by the plaintiff, containing his specification, and delivered them to the plaintiff, said specification and award being as follows :

### SPECIFICATION.

" I say they are deficient on the contract by which you are to " decide —

" 1. For not putting on boards and fastening others on the " south side of the barn and shed—boards are off, $1.00

" 2. Boards off on back end of wood-house, same south " end, and also on the side of wood-house off, $1.00

" 3. Wood-house door, (small one,) off from hinges and " broke, .50

" Gate that goes into back yard, latch, &c, want you to " examine, and fence, $2.00

" Also the front gates to the front yard to the office not " straight up, ketches to gates gone, $1.00

" Weights gone, gates out of repair, $2.50

" Some of the tops broke off and painted over, .75

" Garden fence down next to the barn to examine, espe- " cially in the bend, $4.00

" Window on south gable end of house to see to, $1.50

" Front steps examine.

" I contend that the painting, what is done, is bad, not " done according to agreement, $10.00

" Also that the wood-house is not painted at all, $3.00

" The caldron kettle-arch has been neglected, especially if it " come within the contract.

" They should pay the taxes,—Weeks and others say it is cus-
" tomary.

" But the families were to occupy the premises,—they leased
" out the office,—should pay that.

" You will say what the deficiency is, and they must pay, as in
" my lease I have agreed on certain repairs this year."

### AWARD.

" I award ten dollars for deficiency in not repairing simply, hav-
" ing no reference to the painting, except the mere painting the
" back steps ; as to painting I cannot decide.

" I. W. THOMPSON.

" As to the lease excluding occupation of office, I can only say,
" if it has been occupied by others, it is only right that the rent
" should be allowed according to the season, at say $2.00 per
" month.                                         I. W. THOMPSON."

It appeared that the said Dunson died after the making of said
award, and before the commencement of this suit. The plaintiff offer-
ed in evidence the deposition of Theoda Dunson, the wife of the said
Dunson, taken after his decease. The defendant objected to this
evidence, and the court excluded it, on the ground that the depo-
nent was an incompetent witness. The defendant offered to prove
by the parol testimony of Oscar F. Thompson, an attorney at law
from the state of New York, that by the statute law of that state,
the tenant was liable to pay the taxes assessed upon the premises
occupied by him, but that if there was no special contract between
the tenant and the landlord as to the taxes, the tenant was entitled
to have the amount of such taxes paid by him deducted from the
rent. To this evidence, the plaintiff objected, but the court over-
ruled the objection, and the evidence was admitted.

The court charged the jury among other things, that the award
was invalid and no action could be maintained upon it. To this
charge and to the decisions of the court rejecting the deposition of
Theoda Dunson, and admitting the testimony of Oscar F. Thomp-
son, the plaintiff excepted.

*Edgerton & Allen*, for the plaintiff.

If Dunson had been alive and the suit commenced against the

present defendant alone, as it might have been, he would have been a competent witness for the plaintiff, and if so, so would his wife, Theoda Dunson. *Williams* v. *Baldwin*, 7 Vt. 503. 1 Green. Ev. § 399, 420. Phil. Ev. Cow. & Hill's Notes, 126. *Bigelow* v. *Benedict*, 6 Conn. 116. *York* v. *Blott*, 5 M. & S. 71. *Saunders* v. *Hardin*, 5 Alabama, 224.

But if she would not be a competent witness, if her husband was alive, she was after his decease. In her deposition she stated facts material, which she knew from her own personal observation, and not from any confidential disclosures by her husband. *Edgell* v. *Bennett & Lowell*, 7 Vt. 534. *Williams* v. *Baldwin*, 7 Vt. 503. Phil. Ev. Cow. & Hill's Notes, 1555-6. 1 Green. Ev. §338. *Coffin* v. *Jones*, 13 Pick. 441. *Richardson* v. *Larned*, 10 Pick. 261. *Fitch* v. *Hill*, 11 Mass. 286. *Marshall* v. *Davis*, 1 Wend. 109. *City Bank* v. *Bangs*, 3 Paige, 36. *Poultney* v. *Fairhaven*, Brayton, 185.

The statute law of another state cannot be proved by parol. It must be proved by the production of the printed statute, published by the authority of the state where the law is enacted or by the production of the law itself or a copy thereof properly authenticated. *Adams* v. *Gay*, 19 Vt. 358. *Territt* v. *Woodruff*, 19 Vt. 182. Phil. Ev. Cow. & Hill's Notes, 1141 and 802. 2 Stark. Ev. 56, 569. *Raynham* v. *Canton*, 3 Pick. 293. *Kenny* v. *Clarkson*, 1 John. 385. *Brackett* v. *Norton*, 4 Conn. 517. *Hempstead* v. *Reed*, 6 Conn. 480. *Packard* v. *Hill*, 2 Wend. 441. *Spaulding* v. *Vincent*, 24 Vt. 502. *Woodbridge* v. *Austin*, 2 Tyler, 364.

Where matters are submitted to the decision of an arbitrator without an *express condition* in the submission, that all such matters shall be decided, an award as to only a portion of the matters submitted is valid. *Rixford et al* v. *Nye et al.*, 20 Vt. 132. *Mitchell* v. *Staveley*, 16 East. 58. *Simmonds* v. *Swaine*, 1 Taunt. 449. *George*. v. *Lousley*, 8 East. 13. Law Lib. Watson on Arb. 200, 201, 16, 17. *Wrighton* v. *Byewater*, 3 M. & W. 199.

*J. B. Bromley* and *F. Potter*, for the defendant.

The evidence of the wife cannot be used against the husband, even after his decease, or after divorce. 1 Stak. Ev. 102. 2 *Ibid*, 706, 711. *State* v. *Phelps*, 2 Tyler, 374.

The law of another state is to be proved like any other fact. *Danforth* v. *Reynolds*, 1 Vt. 259. *State* v. *Rood*, 12 Vt. 396. *Barron* v. *Pettes*, 18 Vt. 385. *Territt* v. *Woodruff*, 19 Vt. 182.

The award is void because it does not decide all the questions submitted. *Jackson* v. *Ambler*, 14 Johns. 96. *Wright* v. *Wright*, 5 Cow. 197. *Wait* v. *Barry*, 12 Wend. 377. *Purdy* v. *Delevan*, 1 Caines, 304. Russell's Arb. 216.

The opinion of the court was delivered by

REDFIELD, CH. J. I. A question is made in regard to the competency of the testimony of the widow of one, while living, interested as a party to the controversy. The statute has now removed all objections arising from interest merely, whether as a party, or otherwise. But the English courts have held under a similar statute, that the wife is not thereby rendered competent to testify, where the husband is a party and still living. And this court have adopted the same view in *Manchester* v. *Machester*, 24 Vt. 649. But where the husband has deceased, it has long been settled, that the widow may testify to matters of her own knowledge, and indeed to all matters in regard to any transaction affecting her husband's interest, unless it involve the disclosure of matters of confidence between the husband and wife, or to transactions affecting the character of the husband, unless she is herself interested in favor of the testimony given. This was expressly decided in *Edgell* v. *Bennett*, 7 Vt. 534. And this was before the rule of the English courts, and has long been practised upon, in this state, at the jury trials. The statute having removed all objections, on account of interest, it becomes an inquiry merely, whether the testimony is objectionable as containing matters of confidence, or tending to discredit the husband. The deposition in question does not seem to be of this character, and, if relevant to the issue, was, we think, admissible. The claim was upon the award, and also for use and occupation, and involved an inquiry as to the rent, the repairs and various other matters in regard to most of which the widow's deposition contained testimony, and must have been relevant and important; we think therefore that the rejection was error.

II. In regard to the requisite testimony to prove the statutes of one of the American states, we are not aware of any such relaxation as is claimed, except in regard to depositions. In

regard to the power of certain officers to take depositions in other states, and perhaps the form of taking, it has sometimes been the practice to inquire of witnesses. But the rule finally established on the subject is, that the fact of their being taken is *prima facie* evidence of the power of the officer to take. And in practice, very few depositions are now taken, except in our own form. And where they are taken professedly according to the form of the place, where taken, it is not required to produce a copy of the statute of that state, ordinarily, perhaps.

But we have not known this rule extended to the proof of the statute of another state, affecting the merits of the trial, before the jury. In these cases, legal proof is required. The most satisfactory evidence, undoubtedly, is an authentication according to the act of congress. But in practice less evidence has been received. A sworn copy compared with the record of the statute, in the secre-retary of state's office, is always the very best evidence. So too, the authorized statute book of the state is ordinarily sufficient. This mode of proof of American statutes is held sufficient in the king's bench in Canada. But it is said they ordinarily ask to keep the statute book, after it is verified, as part of the files in the case.

III. The award seems to us fatally defective. The arbitrator did not make a full and final award, upon all the matters submitted to him. And if any defect is fatal to an award of arbitrators, it is this. The authorities are uniform in regard to it. The award does not come within the submission. For, *non constat*, that the party against whom the award is, would have submitted the part awarded upon, without the other. It is not certain the same or a similar award, or one for the same party, would be made, if all the matters submitted had been passed upon.

Judgment reversed and case remanded.