HON. PIERPOINT ISHAM, ⎱
HON. MILO L. BENNETT, ⎰ ASSISTANT JUDGES.

---

THE RUTLAND AND BURLINGTON RAILROAD COMPANY *v. the estate of* WILLIAM LINCOLN, *appellant.*

*Ratification of agency. Married woman. Witness.*

One B. without authority signed the name of the intestate as a subscriber for ten shares of the capital stock of the defendants' company. *Held*, that the subsequent declaration of the intestate to strangers that he had taken that amount of stock did not amount to a ratification of the act of B.

R. & B. R. Company *v.* Lincoln's estate.

A married woman is a competent witness in a suit in favor of an estate in which she is interested as one of the heirs, where her husband has given bonds in behalf of the estate for its prosecution, if she is offered on the part of the estate, and there is nothing showing that her testimony would violate any confidence between her and her husband.

ASSUMPSIT to recover assessments upon the alleged subscription of the intestate for ten shares of the capital stock of the Rutland and Burlington Railroad Company. The case came to the county court by appeal from the allowance of commissioners, and was tried by jury upon the general issue, with notice that said subscription was not made by the intestate nor by his authority, at the March Term, 1856, — PIERPOINT, J., presiding.

The plaintiffs introduced the subscription book of the Rutland and Burlington Railroad Company, which was according to the only form of subscriptions for stock ever circulated by said company, whereon was written at the foot of the contract for the taking of stock the name of the intestate, as follows : " 1845, July 3, William Lincoln — Ten Shares," and it appeared that the same was so written by one John Buckmaster.

The plaintiffs claimed that the intestate had ratified the act of Buckmaster in so signing his name, and to prove this offered the testimony of sundry witnesses, not officers or agents of said railroad company, that the intestate, after such signature by Buckmaster, had said to them, but not to or in the presence of Buckmaster, or of any officer or agent of the company, that he, the intestate, had taken one thousand dollars of stock in said railroad company, with other evidence that the name of the intestate appeared in no other place on their subscription books. The defendant objected to the admission of this testimony, but the court admitted it.

The defendant thereupon requested the court to charge the jury that if they should find that Buckmaster had no authority to sign the name of the intestate at the time of signing, the mere declaration of the intestate as above, made subsequently, did not amount to a ratification or confirmation of the act of Buckmaster in making such signature. The court declined so to charge the jury, but charged them that although they should find that Buckmaster had no authority to sign the name of the intestate at the

time it was signed, yet the intestate could afterwards confirm and ratify the act of Buckmaster so as to make him, the intestate, liable as a subscriber; and that if the jury should find from the evidence that the intestate, after such signing, spoke of the stock as his own and claimed it as his, it was a sufficient ratification and confirmation of the act of Buckmaster in making the subscription to entitle the plaintiffs to recover in this action.

The defendant offered as a witness in his behalf Mrs. Anna Bucklin, wife of William Bucklin. It appeared that Mrs. Bucklin was an heir at law of the estate of the intestate, and interested in the suit, and that William Bucklin, her husband, had signed the bond with the administrator to the probate court which was given on the appeal to this court, and that the administrator had abandoned the defense of the suit and that it was defended by the heirs, and that the said William Bucklin had given a bond to the administrator to indemnify him against any liability on account of the suit. The plaintiffs objected to the admission of the witness and she was excluded by the court.

Verdict for the plaintiffs. Exceptions by the defendants.

*Roberts & Chittenden*, for the defendants.

*S. H. Hodges*, for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, CH. J. This case seems to have been tried in such a manner as to be practically about as advantageous to the defendant, perhaps, as if the charge had been strictly and technically correct. The testimony no doubt tended very strongly to show either an original authority in Buckmaster to make the subscription in the defendant's name, or that he had consented to assume it. But the specific question raised, and upon which the court were requested to charge was, whether Lincoln's declaration to mere strangers that he had such an amount of stock in the defendants' company amounted to such a ratification of the subscription. And it is not claimed in argument that it did. We think it impossible, therefore, to affirm the charge without making presumptions so remote that they seem to us somewhat unnatural.

II. And treating the trial as coming under the present statute, as we must, the testimony of Mrs. Bucklin is not objectionable on the ground either of her interest or that of her husband. And there is nothing in the case to show that her testimony tended to violate any confidence between husband and wife. We see no reason, therefore, why she was not a competent witness.

Judgment reversed and case remanded.