## ZOLVA SEARGENT *v.* ORANGE SEWARD.

*Contract.    Order.    Witness.    Husband and wife.*

In an action of book account the plaintiff's claim was for building a barn for the defendant. The auditor found that the contract was that the barn should be built in a good workmanlike manner at the price charged; that the barn was built by the plaintiff, but that a portion of the work was not done in a good workmanlike manner; but he also found that the defendant accepted the barn upon the contract; *Held,* that upon this finding, the plaintiff was entitled to recover the contract price for building the barn.

The plaintiff gave D. a verbal order upon the defendant to pay D. a certain sum which the plaintiff claimed the defendant owed him, which sum when paid to D. was to to be applied upon a debt due from the plaintiff to him. The defendant refused to comply with this order, and the plaintiff thereupon commenced an action against him to recover his claim.  After the service of the writ upon him, and after D. was informed of the pendency of the suit, the defendant, without the plaintiff's consent, procured D. to charge him in account with the sum claimed by the plaintiff, and to indorse the same amount upon D.'s claim against the plaintiff; *Held,* that the commencement of the suit was an implied revocation of the plaintiff's parol order, and that the defendant was still indebted to him, notwithstanding this transaction between D. and the defendant.

A wife is not a competent witness, in a case in which her husband is either plaintiff or defendant (she herself not being a party), even in reference to a transaction where she acted as agent of her husband, and at which no one but her and the other party was present.*

BOOK ACCOUNT.    The auditor reported that the account presented by the plaintiff was for forty-five dollars for building a

---

* See *contra* Acts of 1858, no 15, p. 22.    REPORTER.

barn for the defendant, and he found in relation thereto that the parties contracted for the building of a barn, *in a good workman-like manner*, for the defendant by the plaintiff for that price; that the barn was built in accordance with the contract, except that some portion of the work was not done in a good workmanlike manner, but that the defendant was present from time to time during the progress of the work, and upon its completion accepted the barn upon the contract, and the auditor therefore allowed the plaintiff's account at forty-five dollars.

The defendant presented an account of fifty-seven dollars and eighty-seven cents, but the auditor disallowed all of it except two items amounting to thirty-one dollars and ninety-six cents. The facts relating to only two of these disallowed items, become material under the exceptions to the judgment of the court below, and these were as follows:

"To one bag lent,                                           .34
To cash paid C. & Z. K. Drury,                   $13.04."

In relation to the first of these items, it appeared before the auditor that the plaintiff borrowed a bag of the defendant's wife, and that he soon after returned it, and by her direction placed it in the defendant's corn barn. The defendant offered his wife as a witness to prove that the plaintiff did not return the bag to her, nor place it in the corn barn, but the auditor refused to receive her testimony, and disallowed the item.

In relation to the other item, the auditor found that the plaintiff, after the completion of the barn and after he had received payments amounting to thirty-one dollars and ninety-six cents, requested the defendant to pay the balance then due to him to C. & Z. K. Drury, to be applied upon a note held by them against the plaintiff, and that the defendant verbally promised to do so; that shortly afterwards the plaintiff informed C. & Z. K. Drury of this promise of the defendant, and requested them to call upon him for the balance of thirteen dollars and four cents then due, and when received to indorse that sum upon his note; that they accordingly did call upon the defendant for that sum, and that he declined to pay to them more than nine dollars, which he claimed to be the balance due from him to the plaintiff; that the plaintiff was not present at this conversation, and the offer of the defend-

ant to pay nine dollars was not accepted by the Drurys; that as soon as the plaintiff learned that his verbal order upon the defendant in favor of the Drurys had not been accepted by the former, he commenced this action to recover the balance due him; and that after the commencement of this suit and the service of the writ therein upon the defendant, the latter procured the Drurys to charge him in account with the sum of thirteen dollars and four cents, and to indorse that amount upon the plaintiff's note held by them, but this was done by them without the plaintiff's knowledge, and after they had been informed of the commencement of this suit. The plaintiff, upon being informed by the Drurys of what they had done in this respect, refused to ratify such action on their part.

Upon these facts the county court disallowed the item for the bag, and also that for the money paid the Drurys, in the defendant's account, and rendered judgment for the plaintiff for thirteen dollars and four cents and interest, to which the defendant excepted.

*Harrington & Burt* and *B. Peake*, for the defendant.

*H. S. Royce*, for the plaintiff.

BENNETT, J.   In regard to the plaintiff's charge of forty-five dollars for building the barn, although the auditor finds that the job was not done fully according to the terms of the contract, yet he does expressly find that the defendant, when the barn was finished, did *accept it on the contract*, and by this we understand the auditor to mean that the contract was fulfilled to the satisfaction of the defendant.

This operates as a conclusive *waiver* on the part of the defendant of any claim for deduction from the contract price. This is a well settled principle.

In regard to the item of thirteen dollars and four cents, in the defendant's account, we think the county court were correct in disallowing it. Though the plaintiff had given a verbal order to the Drurys to call on the defendant and request him to pay that sum to them on his account, yet he declined to accept the verbal

order to pay that sum, and would only agree to pay such sum as he should owe the plaintiff on settlement, which he supposed was about nine dollars. He never did accept the order or pay the sum of thirteen dollars and four cents or any other sum, until this suit was commenced against him by the plaintiff to recover that precise sum, and after having notice that this suit was commenced to recover this sum of him, he then goes to the Drurys and they at his request charge him with that sum and indorse it upon the note which they held against the plaintiff. This transaction when made known to the plaintiff he refused to ratify.

This, under the circumstances of the case, must be regarded as not having been done with the authority of the plaintiff. There was no acceptance of the order by the defendant till after this suit was commenced, and the commencement of the suit against the defendant must be regarded as an implied revocation of the parol direction or order.

Under the decisions of this court, already made, the wife of the defendant was properly excluded as a witness.

Judgment affirmed.