ROBERT B. CRAM, *Administrator, v.* LUCIEN B. CRAM.

*Evidence. Exceptions. Witness. Husband and Wife.*

When a person's mental condition or capacity is in question, the opinion of a non-professional witness in relation thereto, derived from personal observation of, and conversation with, such person, is admissible in evidence in connection with the facts upon which the opinion is based.

If the interpretation of a bill of exceptions is doubtful, nothing should be presumed against its statements with a view to predicate error upon any decision of the county court detailed in it, but all fair and just constructions and intendments should be made in favor of such decision.

The rule of the common law, which excludes a wife from testifying for or against her husband on the ground of public policy, is not affected by the act of 1852, No. 13, page 11, which only removes the disqualification of a witness arising from interest in the event of the suit as a party or otherwise.

TROVER for two promissory notes. Plea, the general issue, and trial by jury at the December Term, 1859,—REDFIELD, Ch. J., presiding.

It was conceded by the defendant that the plaintiff's intestate, Hannah Kendall, a short time before her decease, held the notes described in the declaration ; that they came into the defendant's

possession and were demanded of him by the plaintiff, as administrator, before the commencement of this suit, and that the defendant refused to deliver them to the plaintiff, claiming them as his own.

The defendant introduced evidence tending to prove that on the 16th of April, 1857, he made a contract with the intestate, who was the mother of both the plaintiff and the defendant, by which he was to maintain and support her during the remainder of her life, and executed to her a mortgage on his farm for that purpose ; in consideration of which and of his executing to her his note for three hundred dollars, she was to let him have the two notes in question ; that the two notes were accordingly then delivered to him by the intestate, and he executed to her the note for three hundred dollars, which he has paid, since her decease, to the plaintiff, as administrator, deducting sixty-eight dollars and eighteen cents, his proportion of his mother's estate ; that his mother died Sept. 2d, 1857, and that he fulfilled all the conditions of his contract with her so long as she lived.

The plaintiff introduced evidence tending to prove that the intestate was nearly seventy-seven years old at the time of her decease ; that she had been for several years in feeble health ; that for some two or three years previous to her death her mind had become somewhat impaired, and that it had become much more so during the winter and spring of 1857 ; that on the 8th of April, 1857, she was removed from the house of one Downs, a son-in-law, to the defendant's house ; that at the time of her removal her mind had become so feeble and so much impaired that she had not sufficient mental capacity to understand the nature of a contract, and that this was her condition at the time of the pretended contract with the defendant, and ever afterwards during her life.

The defendant introduced evidence tending to prove that the intestate had sufficient capacity, at the time of making the contract with him, to understand its nature, and that such was her mental condition during the remainder of her life. In support of this issue, the defendant called a number of witnesses who saw and conversed with the intestate after her removal to the defendant's house, some of whom were unable to give the conversation

they had with her, but stated that she appeared to converse well and in a connected manner. Others stated that they conversed with her about her old neighbors and her early life and the state of her health, but none of either class of witnesses had any conversation with her about matters of business or upon business subjects. They however expressed the opinion that she had sufficient mental capacity to understand the nature of contracts. The plaintiff objected to the expression of any opinion by these witnesses, but the court permitted it, and the plaintiff excepted.

In support of the issue on the part of the plaintiff, Lucia Cram, the wife of the plaintiff was called as a witness, and objected to by the defendant. It was then proved on the part of the plaintiff that he had no interest in this suit, having previous to its commencement, released his interest to the other heirs, some of whom had executed to him a written indemnity against costs ; that he never executed to the other heirs any written release of his interest, but had agreed to do so at any time when desired ; that the intestate's estate had been fully settled, and this suit was prosecuted by some of the other heirs at their own expense ; and the plaintiff had nothing to do with it, except to permit it, being himself one of the heirs. The defendant persisted in his objection to the witness, and the court excluded her from testifying, to which the plaintiff excepted.

The testimony of the witnesses as to the state of the intestate's mind extended over a number of years before her death, and as far back as the year 1854. Most of the witnesses recollected and stated conversations had with her, and many of them related her conversations in relation to business transactions, connected with the management and care of her property and the expense of her maintenance and support, showing her carefulness and capacity in regard thereto, and one in particular testified that some months after the execution of the contract in question, she related correctly the particulars of such contract in detail, naming what she gave her son, what he was to do for her, and how she was secured.

The court informed the jury in the beginning of the trial, that the opinion of a witness, not a medical man, in regard to the capacity of the deceased, unless he stated the facts upon which it

2

was founded, was not entitled to be considered by them and did not afford any basis upon which they could act, and this was repeated and enlarged upon in the charge to the jury.

Verdict for the defendant.

*A. Tracy* and *Converse & French*, for the plaintiff. ·

*Washburn & Marsh*, for the defendant.

KELLOGG, J.   Exceptions were taken by the plaintiff on the trial of this case in the county court in two particulars, which are now assigned for error,—one being in respect to the admission of the opinions of witnesses who were not professional men as to the capacity of the plaintiff's intestate, who was the mother of both the plaintiff and the defendant, to make a contract at the time of the making of the defendant's contract with her, which was the principal matter contested on the trial; and the other being in respect to the exclusion of the wife of the plaintiff as a witness, she having been called on the trial as a witness to support the issue on his part, and excluded on the objection of the defendant.

I.  Wherever the subject matter of inquiry so far partakes of the character of a science or art as to require a course of previous habit or study in order to obtain a competent knowledge of its nature, the opinions of witnesses possessing peculiar skill in the particular science or art, as in the case of physicians, surgeons, artists, machinists, and others, are always admissible, and the opinions of such witnesses are received not only where they rest on the personal observation of the facts by the witness himself, but also where they are merely founded on the case as proved by the testimony of other witnesses.   Where mere opinion is required upon a given state of facts, not connected with the personal observation of the witness, that opinion is to be received from professional men alone.   Where the subject matter of the inquiry is not, in its nature, susceptible of direct and positive proof, witnesses are allowed to testify as to their belief or opinions on the ground of necessity.   In conformity with this rule, witnesses are constantly allowed to testify as to their belief respecting the identity of persons and things, as also respecting the genuineness

of disputed handwriting. So also, upon a question of insanity, witnesses, not professional men, are permitted to give their opinion in connection with the facts observed by them. In the case of *Morse* v. *Crawford*, 17 Vt. 499, it is said by BENNETT, J., that the law is well settled, and especially in this State, that a witness who is not a professional man may give his opinion in evidence, in connection with the facts upon which it is founded, and as derived from them, though he could not be allowed to give his opinion founded upon facts proved by other witnesses; and that in a case in which the insanity of a party was properly in issue, the opinion of such a witness, touching his insanity, as derived from personal observation, is admissible. The same principle is stated by PHELPS, J., in *Lester* v. *Town of Pittsford*, 7 Vt. 158, and it is also recognized in 1 Greenleaf on Evidence, sec. 440, note. In the case of *Clary* v. *Clary*, 2 Iredell (N. C.) 78, it was held that where the witness has had opportunities for knowing and observing the conversation, conduct, and manners of the person whose sanity is in question, he may depose not only to particular facts, but also to his opinion or belief as to the sanity of the party formed from such actual observation; and in the opinion delivered in that case by GASTON, J.,—a jurist of eminent ability and character,—which may be referred to as a masterly and most satisfactory discussion of the principles upon which this rule rests, he says that "judgment founded on actual observation of the capacity, disposition, temper, character, peculiarities of habit, form, features, or hand-writing of others is more than mere opinion. It approaches to knowledge, and *is knowledge*, so far as the imperfections of human nature will permit knowledge of these things to be acquired, and the result thus acquired should be communicated to the jury, because they have not had the opportunities of personal observation, and because in no other way can they effectually have the benefit of the knowledge gained by the observations of others." If evidence of this character should be received respecting the insanity of a party, it is equally admissible upon a question of imbecility, or any other state or condition of mind affecting his mental soundness or capacity. We have carefully reviewed the statements in the bill of exceptions respecting the evidence introduced on the part of the defend-

ant to prove the mental capacity of the intestate, but we are not satisfied that the county court permitted the expression of any opinion by the witnesses in reference to that question, except under circumstances and conditions which would make such opinions admissible in the case according to rules which have long been recognized in this court as the settled law applicable to the subject, and which are distinctly affirmed in the cases above cited. If the interpretation of the bill of exceptions in this respect was reasonably doubtful, nothing should be presumed against its statements with a view to predicate error upon any decision of the court therein detailed, but all fair and just constructions and intendments should be made in favor of the decisions below. *McCann* v. *Hallock*, 30 Vt. 233. The instructions of the court to the jury respecting the credit due to the opinions of witnesses, not professional men, as to the capacity of the intestate were in all respects free from exception, and we think that those instructions furnish convincing proof that the action of the court in admitting the opinion of such witnesses as evidence was controlled by a correct appreciation of the rules of law applicable to that subject, and by a desire to confine the evidence in this respect within the limitations of those rules.

II. Was the plaintiff's wife admissible as a witness in his behalf? The rules of the common law excluded the wife from testifying for or against her husband, and this exclusion rested on the ground of *policy*, and not on that of *interest*. Our statute of 1852, (Acts of 1852, No. 13, p. 11,) only removes the disqualification of a witness which arises from " his *interest* in the event of a suit as a party or otherwise," but leaves every other cause of objection except that of interest in full force and untouched. It was expressly ruled in the case of *Manchester* v. *Manchester*, 24 Vt. 649, that the incapacity of a married woman as a witness for or against her husband was not affected or taken away by the act of 1852, and that construction was recognized and re-affirmed in the case of *Smith* v. *Potter*, 27 Vt. 304, and also in the case of *Sargent* v. *Seward*, 31 Vt. 509. In the case of the *Rutland & Burlington R. R. Co.* v. *Lincoln's estate, appellant*, 29 Vt. 206, which is cited on the part of the plaintiff as an authority in favor of the admission of the plaintiff's wife as a

witness in this case, the husband of the witness offered was not a *party* to the suit, although he was interested in its event by reason of having signed the bond of the administrator for the prosecution of the appeal, and also another bond to the administrator to indemnify him against any liability on account of the suit, and his wife was one of the heirs interested in the estate against which the plaintiff's claim was preferred; and the ground of the admission of the wife in that case was that she did not come within the rule of exclusion on the ground of *policy*,—there being " nothing in the case to show that her testimony tended to violate any confidence between husband and wife,"—and that the statute had removed the disqualification arising from her interest or that of her husband in the event of the suit. The course of decisions in England, and also in other States, under statute provisions similar to those of our statute of 1852, has been in accordance with the construction given by this court to our own statute. *Barbat* v. *Allan*, 10 Eng. Law and Eq. 596 ; *Stapleton* v. *Crofts*, Ib. 455 ; 83 E. C. L. 367, S. C.; *Alcock* v. *Alcock*, 12 Eng. Law and Eq. 354 ; *Pillow, et ux*, v. *Bushnell*, 5 Barb. N. Y. Sup. Ct. 156 ; *Barber* v. *Goddard*, (Sup. Ct. of Mass., Worcester, Sept. T. 1857,) 20 Law Reporter 408. The statute of 1858 (Acts of 1858, No. 15, p. 22,) has removed the incapacity of married women as witnesses in certain specified cases, neither of which is the case in hand.

We find no error in the decisions of the county court in this case, and the judgment of that court in favor of the defendant is affirmed.

BARRETT, J., dissented.