Carpenter, executor, v. Moore et als.

EXECUTOR OF ARTEMAS CARPENTER *v.* ANDREW MOORE AND WIFE, AND JEREMIAH C. POWERS, APPELLANTS.

*Husband and Wife. Married Women. Witness. Evidence. Probate of Wills.*

The Statute, Gen. Sts. ch. 36, §24, in terms only removes the incompetency of interest in witnesses. It does not remove the incompetency arising from the rule of policy which forbids husbands and wives testifying for or against each other; and under this statute it is settled that when the husband is living and a party to the suit, and the wife not a party, the wife is not a competent witness.

Where the husband is not a party to the suit, either real or nominal, but interested only collaterally in the event of the suit — as by being bail for costs, or in other like manner — the wife, though not a party to the suit, is not rendered incompetent by the marital relation; but the rule does not apply in the probate of a will, in the case of a wife of one of the heirs of the testator, who is not a party of record, in a suit in which the validity of the will is contested. In such a case, the wife of the heir is an incompetent witness.

APPEAL from decree of the probate court of the district of Rutland, approving the will of Artemas Carpenter deceased. Plea that the instrument produced is not the will of the deceased, and issue joined to the court. The wife of defendant Andrew Moore, and defendant Jeremiah C. Powers, are heirs at law of said testator.

The proponent of the will gave evidence tending to show its due execution, and the capacity of the testator to make it.

The contestants gave evidence tending to show mental incapacity of the testator to make a will, and, among other witnesses to show that fact, offered the wife of said Powers, to the admission of whose testimony the proponent objected, and the same was excluded by the court, to which the contestants excepted.

Artemas C. Powers is an heir at law of the testator, and testified for the contestants, and his wife was also offered as a witness on the part of the contestants, to show incapacity in the testator, and her testimony was also excluded, to which the contestants excepted. The said executor was offered and admitted as a witness in behalf of the proponent of the will, against the objection of the contestants, and gave evidence tending to show the testator's capacity, to which the contestants excepted.

Judgment at the March term, 1870, WHEELER, J., presiding, that said instrument is the will of said Artemas, etc.    No costs allowed either party.    Exceptions by the contestants.

*Edgerton & Nicholson*, for the contestants.

The disability of the wife as a witness is removed by statute — except as to admissions and conversations of her husband, and in criminal proceedings.    Gen. Sts., ch. 36, § 24 and § 27, p. 327. Sts. of 1863, No. 14, p. 20.    *R. & B. Railroad* v.  *Lincoln*, 29 Vt., 206 ;  *Cram* v. *Cram*, 33 Vt., 15.

The exceptions do not show any interest in the husband, and the testimony offered had no relation to his " admissions or conversations."

*W. H. Smith* and *J. Prout*, for the proponents.

The opinion of the court was delivered by

PECK, J.    Jeremiah C. Powers joined in the appeal from the decree of the probate court approving and allowing the will of the testator, Artemas Carpenter, and is a party of record as well as a party in interest, he being one of the heirs of the testator, the validity of whose will the defendants were contesting on the trial.    It is insisted on the part of the defense that the county court erred in excluding the wife of the defendant, Jeremiah C. Powers, who was offered as a witness on the part of the contestants of the will ; and also in the exclusion of the wife of Artemas C. Powers, offered on the part of the defense for the same purpose. The rule of the common law, excluding the wife as a witness for or against her husband, rests on broader ground than mere interest.    This rule of exclusion is a rule of policy, based on the necessity of protecting the confidence and domestic harmony so essential between husband and wife, which otherwise, without such rule, might be invaded and disturbed.    The statute of 1852, relied on by defendants' counsel in this case, does not profess to remove every ground of incompetency of witnesses.    The language is, " No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his inter-

est in the event of the same, as a party or otherwise." This statute in terms only removes the incompetency of interest, whether the interest arises from being a party to the suit, or otherwise. It does not remove the incompetency arising from this rule of policy, which forbids the husband and wife testifying for or against each other. This is settled by the decisions of this court under this statute, as well as by decisions under similar statutes in England and in many states of the Union. *Manchester* v. *Manchester*, 24 Vt., 649 ; *Smith* v. *Potter*, 27 Vt., 304 ; *Cram* v. *Cram*, 33 Vt., 15 ; *Sergeant* v. *Seward*, 31 Vt., 509. Under the statute in question it must be regarded as settled that when the husband is living and a party to the suit, and the wife not a party, the wife is not a competent witness. This is directly decided in *Sergeant* v. *Seward*, 31 Vt., 509, and in *Cram* v. *Cram*, 33 Vt., 15. Jeremiah C. Powers being a party to the suit, and his wife not a party, his wife was incompetent as a witness and was properly excluded. *Bonet, by his father and natural guardian*, v. *Stowell*, 37 Vt., 258, where the wife of the *prochein ami* or natural guardian was admitted as a witness, was decided on the ground that the *prochein ami* or father and natural guardian was not a party to the cause of action *or to the suit*, but only a manager or conductor of the suit. KELLOGG, J., in a clear and concise opinion, puts the decision expressly on that ground. If the husband has deceased, his widow is a competent witness to matters affecting her late husband's interest, unless it involves the disclosure of matters of confidence between the husband and wife, or transactions affecting the character of the husband. *Smith* v. *Potter*, 27 Vt., 304.

But where the husband is not a party to the suit, either real or nominal, but interested only collaterally in the event of the suit, as by being bail for costs, or in other like manner, the wife, though not a party to the suit, is not rendered incompetent by the marital relation. This was decided in *Rut. & Bur. R. R. Co.* v. *Lincoln's Estate*, 29 Vt., 206. In that case, which was an appeal on the part of the estate from the decision of commissioners upon a claim presented against the estate for allowance, it appeared that William Bucklin had signed the bond with the administrator to the probate court, given on the appeal, and that the administra-

Carpenter, executor, *v.* Moore et als.

tor had abandoned the defense of the suit; and that it was defended by the heirs; and that William Bucklin had also given a bond to the administrator to indemnify him against any liability on account of the suit. It was decided that the wife of William Bucklin was a competent witness in behalf of the estate, although she was an heir-at-law of the estate and thus interested in the event of the suit; her testimony not tending to violate any confidence between husband and wife. It was held that her testimony was not objectionable on the ground either of her interest or that of her husband. It is insisted on the part of the defense that that case is an authority for the admission in this case of testimony of the wife of Artemus C. Powers, he not being a party to the suit; at least not a party of record. This position is sound if this suit or proceeding is to be regarded simply in the light of an ordinary suit between party and party; and the interest of the heirs not parties of record as collateral merely, and to have only the same effect as the interest arising from being bail for costs, or other collateral interest of like character. But under our statute the proceeding for the probate of a will differs widely from an ordinary suit. The judgment of the court establishing the will is conclusive upon all the heirs alike, whether they were parties to the suit in which the judgment was rendered or not. The validity of the will, as to all the heirs, whether parties of record or in any way contestants of the will or not, is directly involved in the adjudication, and all are directly and equally affected by the result. We think therefore in view of the nature and purpose of the proceeding in the probate of a will, and its result, that for the purpose of the question involved, that is, as to the right of the wife of an heir to testify whose husband is not a party of record to the suit, the same rule of exclusion applies as if he were a party of record, and hence that the wife of Artemas C. Powers was properly rejected.

No other objection being insisted on in argument, the judgment is affirmed.