NETTIE GIDDINGS & OTHERS v. JOSEPH TURGEON.

*Will. Witness. Husband, Wife a Legatee.* R. L. ss. 2046, 2322. *Act of* 1884, *No.* 109. *Pending Suit. Vested Rights. Statute not Retrospective.*

1. A will, executed and presented for probate prior to the statute of 1884, was void, when one of the three witnesses to it was the husband of one of the legatees.
2. A statute, which changes the rules of evidence relating to the execution of wills, does not have a retrospective operation. A will must be proved as the law required at the time of its execution.

APPEAL from the Probate Court. Heard, September Term, 1885, VEAZEY, J., presiding. The court ruled, *pro forma,* that Partridge, being the husband of one of the legatees, was not a competent witness to prove the execution of the will; and excluded his testimony, and rendered judgment that said instrument was not the last will of Elmina Turgeon, and ordered the result certified, etc.

*Lawrence & Meldon,* and *W. W. Stickney,* for the plaintiffs.

We insist that Partridge is a credible witness within the meaning of the statute, and the case falls directly within the reason, purpose, and effect of sec. 2046, R. L. 1 Red. Wills, 258; *Jackson* v. *Wood,* 1 Johns. Cas. 163; *Jackson* v. *Durland,* 2 Johns. Cas. 314; *Winslow* v. *Kimball,* 25 Me. 493.

The beneficial interest to a subscribing witness to a will need not be direct, nor expressed in the instrument. *Clark* v. *Hoskins,* 6 Conn. 105.

The legacy to the wife of the witness, under the doctrine of the rules laid down in the cases above cited, should have been held void, and the witness allowed to testify.

The object of this statute was to prevent wills from becoming nullities by reason of any interest in witnesses to them created entirely by the wills themselves.

Statutes are to receive such a construction as must evidently have been intended by the legislature. *Ryegate* v. *Wardsboro*, 30 Vt. 746.

When the words of a statute are plain and unambiguous, but are directly repugnant to all legislation on the same subject and in the same act, and seem to involve an absurdity, the court will disregard the letter of the law, and attach to it that meaning which the legislature really intended. *Ryegate* v. *Wardsboro*, 30 Vt. 746; *Henry* v. *Tilson*, 17 Vt. 479.

*Sullivan* v. *Sullivan*, 106 Mass. 474, is distinguishable from this. It is governed by the particular wording of their statute. Gen. Sts. (Mass.) c. 92, s. 10; 1 Jar. Wills, 227.

It extends the application of the English cases far beyond what is decided in them. *Hilliard* v. *Jennings*, 1 Ld. Raym. 505; *Holdfast* v. *Dowsing*, 2 Str. 1253; *Wyndham* v. *Chetwynd*, 1 Burr. 414; *Hatfield* v. *Thorp*, 5 B. & Ald. 589.

An interest in the wife will disqualify the husband as a witness to the extent of his wife's interest. 1 Red. Wills, 258.

The appeal vacated the judgment of the Probate Court. 38 Vt. 703; 48 Vt. 122. The Act of 1884, No. 109, applies.

It is a remedial statute, and does not exempt pending or existing cases, and applies to all wills to be proved and established after its passage.

The contestant has no vested right which such an application disturbs.

A right to have one's controversies determined by existing rules of evidence is not a vested right. Cooley Const. Lim. (4th ed.) 457.

A cause must be tried under the rules of evidence existing at the time of the trial, though different from those in force when the suit was commenced. *Rich* v. *Flanders*, 39 N. H. 323; *Little* v. *Gibson*, 39 N. H. 505; *Southwick* v. *Southwick*, 49 N. Y. 510.

And if a case is appealed, and pending the appeal the law is changed, the appellate court must dispose of the case under the law in force when their decision is rendered. *State* v. *Norwood*, 12 Md. 195; Cooley Const. Lim. 477.

A party has no vested right in a defence based upon an informality not affecting his substantial equities. Cooley Const. Lim. 461, and cases there cited.

*M. H. Goddard*, for the defendant.

The husband of Mrs. Partridge cannot be a witness in this case. In the case of *Wheeler* v. *Wheeler's Estate*, 47 Vt. 637, the court say:

"If a wife be directly interested in the event of a suit, although she be not a party to the record, her husband is not a competent witness in the cause."

The husband or wife of a legatee would have the same interest and solicitude for their companion, whether the property was coming by legacy or descent. *Exr. of Carpenter* v. *Powers*, 43 Vt. 392.

Had Mrs. Partridge herself been a witness, the will would have been void as to herself, but not as to other persons. This is not by common law, but by statute. R. L. s. 2046.

By the common law such a will was all void, because not executed according to law, and the statute was made to change the common law. But sec. 2046 does not include the husbands and wives of legatees, and does not apply to the case now under consideration.

By the common law the husband of one of the legatees could not be a competent witness to the will. This was held at an early day in the case of *Holdfast* v. *Dowsing*, 2 Str. 1253.

The decision in the case of *Holdfast* v. *Dowsing* led to the statute of 25 Geo. II., which was re-enacted by the statute of 1783. These statutes were in substance the same as sec. 2046 of the Revised Laws of Vermont. In 1822, under said statute, a case exactly like the case at bar came up for consideration in the Court of King's Bench, and the court were of the opinion that the will was not duly attested. *Hatfield* v. *Thorp*, 5 B. & Ald. 589.

Such continued to be the law of England until 1837, when the statute of 1 Vict. c. 26 was enacted.

Connecticut at an early day adopted the same rule laid down by the common law of England and the English decision. *Fortune* v. *Buck*, 23 Conn. 1.

This identical question was brought before the Supreme Court of Massachusetts in a late case, and the court unanimously held the will void. *Sullivan* v. *Sullivan*, 106 Mass. 474.

Under the laws as they existed in this State, May 4, 1884, the date of the death of the testatrix, the will was void.

The Act of 1884, No. 109, does not affect the case. On the death of a person his estate vests immediately in his heirs. 1 Jar. Wills, 631; *Blake* v. *Stone*, 27 Vt. 495; 2 Wash. Real Prop. 409; *Wilson* v. *Wilson*, 13 Barb. 252.

The legislature has no constitutional power to pass a statute which would operate retrospectively, and take away a vested right. *Wright* v. *Oakley*, 5 Met. 400; *Bates* v. *Kimball, Adm'r*, 2 D. Chip. 77; *Dupy* v. *Wickwire*, 1 D. Chip. 237; *Staniford* v. *Barry*, 1 Aik. 3; *Ward* v. *Barnard*, 1 Aik. 121; *Hill* v. *Sunderland*, 3 Vt. 507; *Dash* v. *Van Kleek*, 7 Johns. 477; *Gilmore* v. *Streeter*, 2 Mod. 310; *Couch* v. *Jeffries*, 4 Bur. 2460; Aug. Lim. 18; *Richardson* v. *Cook*, 37 Vt. 599; 8 Mass. 423; 12 M. & W. 305; *Wires* v. *Farr*, 25 Vt. 41.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an appeal from the allowance of an instrument by the Probate Court as the last will of El-

mina Turgeon; and the only question presented, is, whether the instrument was so executed that it should be held to be the last will of the said Elmina.

It was executed as and for her last will on the 22d day of March, 1884; and by it she bequeathed a certain portion of her estate to Julia M. Partridge. One of the attesting witnesses to the execution of the instrument was H. E. Partridge, who was then and ever since has been the lawful husband of the said Julia M. The instrument was presented for probate on the 10th day of May, 1884, and on the 27th day of June, 1884, the Probate Court adjudged the legacy therein to Julia M. Partridge to be void, and otherwise established it as the last will of the said Elmina.

That court must have held that H. E. Partridge was a competent witness to prove the execution of the instrument; for unless he was so competent, the instrument could not have been established as a will. The only question presented for our consideration is as to his competency.

The common law rules of evidence preclude husband and wife from being witnesses for or against each other in a suit where either are parties, or are directly interested in the result. The rule is not based wholly upon the ground of pecuniary interest, but is a rule of policy, based on the necessity of protecting the confidence and domestic harmony which should exist between husband and wife, which, without the rule, might be invaded and disturbed. See *Executor of Carpenter* v. *Moore*, 43 Vt. 392, and cases there cited. And since the removal of incompetency by the statute of 1852 on account of interest, the court has uniformly held that the common law rule resulting from the marital relation was in force the same as before the passage of that statute. *Executor of Carpenter* v. *Moore, supra.*

When the instrument in question was executed, the wife of H. E. Partridge was interested as a legatee in having it established as a will; and consequently he was not a competent witness to prove its execution, unless he was made

competent by what transpired in the Probate Court in adjudging the legacy given to his wife void, and by virtue of section 2046 R. L.

It will be seen by reference to that section that the only persons named in it who can be made competent that would otherwise have been incompetent are those to whom a beneficial devise, legacy, or interest of or concerning real or personal estate, is given by such will. That class of persons is made competent by treating the devise, legacy, or interest, given to them, as void. H. E. Partridge did not come within that class. The legacy that was adjudged to be void was one made to his wife; he had no interest in it, except such as might result from his marital right. And the right of the wife to hold the legacy when received, as against any claim that the husband might make to it, is secured by sec. 2322, R. L. The right to the legacy was the personal right of the wife and to be held by her to her sole and separate use, and the husband's marital right to reduce it to his possession would not attach to it. *White* v. *Waite*, 47 Vt. 502.

The evident purpose and intention of the statute was to remove the incompetency on account of interest from the class of persons named in it; and the class intended is clearly and precisely defined. H. E. Partridge had no present or prospective interest in the legacy given to his wife; so that he had no such interest as it was the purpose and intention of the statute to remove. His incompetency rests upon the rule of policy, before alluded to, which excludes the husband as a witness in a matter in which his wife has an interest; and that incompetency the statute has not attempted to remove. The court had no right to adjudge the legacy given to Mrs. Partridge void, for the reason that she did not come within the class named in the statute. She had the same right to the legacy given to her that any other legatee would have; and the act of the court adjudging her legacy void did not affect her right to it, or

the interest that she had to have the instrument established as a will. The court might as well adjudge a legacy given to any other person void, and thus remove the disqualification of some other legatee as an attesting witness, as to adjudge the legacy given to Mrs. Partridge void, and by so doing qualify her husband as a witness.

The statute relied upon defines with particularity the legacies that may be held void, and should not be construed to embrace those that are not included in it. If the legislature had intended to confer the power to declare a legacy given to the wife of an attesting witness void, and thus make the husband a competent witness, it is probable they would have employed some such language to express that intention as is used in the 16th sec. of 1 Victoria, c. 26, by which it is provided that such a legacy, as well as those that are specified in our statute, shall be utterly null and void.

The witness Partridge being incompetent to prove the execution of the will, at the time of its execution, has he been made competent by the virtue of Act, No. 109, approved November 25th, 1884? That act provides that if a person attests the execution of a will, to whose wife or husband a legacy is given, such legacy shall be void, and the person so attesting shall be admitted as a witness, as if such legacy had not been given.

This suit was pending at the time of the passage of that act, and to give it the retrospective operation that is claimed by the proponents, would in effect be allowing them to establish the instrument as a valid will, which was invalid at the time of its execution, by the use of evidence which was incompetent to prove its execution at the time it was executed.

If Mrs. Turgeon died intestate, her heirs at law had a vested interest in all her estate that was subject to distribution; and the legislature had no right by any change of the rules of evidence to deprive them of that right and prevent

them from asserting it by depriving them of the right to insist that the instrument propounded as her will should be proved as the law required at the time of its execution. To give the act the operation claimed by the proponents would, as the record now stands, deprive those opposed to the establishment of the instrument as the will of Mrs. Turgeon of a vested right to make such opposition, and would be contrary to the rules given for the construction of statutes in the cases cited by the learned counsel.

The judgment is affirmed and ordered to be certified to the Probate Court.