## LIZZIE P. SMITH, APLT., v. EZRA JONES.

*Will. Husband cannot be witness to that of wife.*

1. A husband who, by ante-nuptial agreement, has relinquished all claim to the estate of his wife, is not a competent witness to the execution of·her will.

2. In such case the question of competency is to be determined as of the time when the will is executed and not as of the time when it is offered for probate.

Appeal from an order of the probate court refusing probate to the alleged will of Pauline A. Cabot. Heard upon an agreed statement of facts at the June term, 1895, Orange county, ROWELL, J., presiding. Judgment that the instrument be not admitted to probate. Proponents except.

*Darling & Darling* for the proponents.

The husband was a competent witness when offered to prove the will. *Smith* v. *Potter*, 27 Vt. 304; *Carpenter* v. *Moore*, 43 Vt. 394; *Stowe* v. *Bishop*, 58 Vt. 498; *Pike* v. *Haynes*, 14 N. H. 22; 47 N. H. 100; *In re Emma C. Buckman's will*, 64 Vt. 313.

*George M. Powers* for the contestant.

The word "credible" means competent. 1 Jar., Wills, 225, n. 23; Sch., Wills, s. 350; *Richardson* v. *Richardson*, 35 Vt. 238; *Giddings* v. *Turgeon*, 58 Vt. 103.

The witness must be competent at the time of attestation. 2 Greenl. Ev., s. 661 and note; 1 Redf. Wills, 253 and

note; Sch. Wills, s. 351; *Morrill* v. *Morrill*, 53 Vt. 74; *Hatfield* v. *Thorp*, 5 B. & A. 589.

Husbands and wives are not competent witnesses to each others' wills. *Dikenson* v. *Dikenson*, 61 Pa. St. 401; *Pease* v. *Allis*, 110 Mass. 157; Sch. Wills, s. 355; 1 Woerner, Adm. 72; *Kittredge et al.* v. *Hodgman*, 32 Atl. Rep. 158.

ROSS, C. J.  The single question presented for consideration is whether a husband, who is not a legatee, and who by an ante-nuptial contract has relinquished all right to any property of his wife, and to any and every part of her estate, was a competent witness to her will.  If he was, her will is witnessed as required by V. S., 2349.  If he was not, her will is not witnessed as required, and the judgment of the county court disallowing the proposed will was correct.  The decision of this question depends upon whether the competency of the witness is to be determined as of the date of the execution of the proposed instrument, or, as of the date when he is sworn to establish that the instrument was so executed, that it is entitled to be probated.  If to be determined as of the latter date, the husband would be competent to testify to any matter occurring during the existence of the marital relations, except such as came to him in marital confidence, or as would directly tend to disgrace or criminate his deceased wife.  The testimony called for would not fall within the exceptions.  *French* v. *Ware*, 65 Vt. 338.  She is not a party in interest or otherwise to the proceedings to establish the instrument as her will. *Foster's Exrs.* v. *Dickinson et al.*, 64 Vt. 233.

If his competency is to be determined as of the date of the execution of the will, the husband was incompetent, not because he was interested in the will or any of its provisions, but because he was the husband of the testatrix, and, because of that relation, incompetent to testify for or against

her in any proceeding. *Danes* v. *Dinnoudy*, 4 L. R. 678; *Manchester* v. *Manchester*, 24 Vt. 649; *Smith* v. *Potter*, 27 Vt. 304; *Seargent* v. *Seward*, 31 Vt. 509; *Cram* v. *Cram*, 33 Vt. 15; *Carpenter*, *Exr.*, v. *Moore et als.*, 43 Vt. 392. The language used in V. S., 2349, "and attested and subscribed by three or more credible witnesses," implies that the subscribing witnesses must be both credible and competent at the time they attest the execution of the will. Credibility and competency are sometimes applied to a witness as if they were synonymous in meaning. Such use is not strictly correct. Credibility relates to whether the witness is such as is entitled to credit or belief. It may not attach, by reason of extreme youth, idiocy, insanity, or, under our statutes, conviction of perjury. Competency relates more to the relation of the witness to the matter under investigation. The person, though incompetent in the particular matter, may be a credible witness in other relations to such matter. Formerly, incompetency arose from being directly interested in the matter under investigation, or because charged with the commission of the crime under investigation, or because of his relation to a party interested, as husband or wife. Competency is involved in the term *witness* when applied to a particular subject matter. The statute requires the witnesses to be credible, evidently, when they attest to its execution. Otherwise they might not be credible when called upon to testify to its execution, and they never would be such witnesses as the statute in terms requires. But the competency of the attesting witness for the same reason must be determined as of the same time as his credibility. The statute impliedly fixes the time of the competency of the witness to be that of attesting the execution of the will; for it says, s. 2352: "If the witnesses attesting the execution of a will are competent at the time of attesting, their becoming subsequently incompetent shall not prevent the probate and

allowance of the will." This implies that the will is exe-
cuted as required by s. 2349, if the three attesting witnesses
are credible and competent when they subscribe their
names to the will as such witnesses. Hence, without regard
to authorities, it would seem, under our statute, the witnes-
ses attesting the execution of a will must be both credible
and competent at the time of the execution. To the same
effect are the English and American authorities including.
the decisions of this court. *Hatfield* v. *Thorp*, 5 B. & A.
589; *Richardson* v. *Richardson*, 35 Vt. 238; *Morrill* v.
*Morrill*, 53 Vt. 74; *Giddings* v. *Turgeon*, 58 Vt. 106. On
reason and authority, the husband was not a competent
witness to the attestation of the will of his wife proposed,
and the proposed will was properly disallowed.

*Judgment affirmed and ordered to be certified to the
probate court.*