## DAVIS *v.* DAVIS'S ESTATE.

### *Depositions.    Competency of Witness.*

A deposition taken without the appearance of the adverse party, where the citation does not name the magistrate before whom it is to be taken, is not admissible.

The administrator of defendant estate was brother of plaintiff and of the intestate, and husband of the intestate's widow. *Held,* the administrator being interested in the estate in right of his wife, and for aught that appeared, in his own right as heir, that his wife was not a competent witness to matters that transpired between the plaintiff and the intestate.

Where a citation for taking a deposition appears upon its face to have been altered by changing the name of a county, it will not be presumed to have been done after service of the citation.

Where the caption correctly named the parties, and stated that the deposition was taken to be used in a cause to be heard and tried before a referee, "under a rule of the Hon. County Court within and for the County of Windsor and State of Vermont, on the 13th day of July, 1874," which was the same day named in the citation for taking the deposition in Minnesota, and the same day on which it was taken, but no complaint was made but that the party had ample time to attend the taking, and it not appearing that a hearing before the referee was in fact set for July 13th, but it affirmatively appearing that the deposition was offered, opened, and used on a hearing had Oct. 1st of the same year, it was *held,* that, rejecting the specific day named in the caption for the hearing, the cause was sufficiently described to answer the requirements of the statute.

APPEAL from the Probate Court.  A referee was appointed, who reported as follows :

On June 5, 1868, intestate and his wife went to plaintiff's house on a visit, where the wife was taken sick, and died on July 4th, and part of plaintiff's claim was for expenses incurred in that sickness.  Defendant claimed that plaintiff and the testator settled all matters of account a short time before the testator's death, and upon that point offered the deposition of Mrs. Minnie J. Davis, the second wife and former widow of the intestate, and now wife of G. H. Davis, brother of plaintiff and the intestate, and administrator of the defendant estate.  Plaintiff objected to the deposition, for that the deponent was an incompetent witness, and also for that the citation did not give the name of the magistrate before whom the deposition was to be taken.  The plaintiff did not attend the taking of said deposition.  Objections overruled and deposition admitted.  Defendant also offered the deposition of Mrs. Seymour Bush.  The citation for the taking of this

deposition was served on June 5th, and as originally drawn, named a place of taking in Northfield, in the county of Dakota, and state of Minnesota, but the word *Dakota* was at some time changed to *Rice.* The time of taking was the 13th of July, and the deposition was taken on that day. The caption correctly named the parties, and stated that the deposition was taken to be used in a cause to be heard and tried before the referee, " under a rule from the Hon. County Court within and for the county of Windsor, and state of Vermont, on the 13th day of July, A. D. 1874 " Plaintiff objected to this deposition on account of insufficiency of time and caption. Objection overruled and deposition admitted. From the testimony of Mrs. Davis and Mrs. Bush, I find a settlement, and that there is nothing due plaintiff.

The court, at the December Term, 1874, BARRETT, J., presiding, rendered judgment for defendant, *pro forma.* Exceptions by plaintiff.

*Geo. L. Fletcher,* for plaintiff.

Minnie J. Davis's deposition was not admissible. This court has several times since the passing of the statute of 1852 decided that that statute only removed the disqualification of a witness which arises from " his *interest* in the event of a suit as a party or otherwise." *Cram, admr.* v. *Cram,* 33 Vt. 15 ; *Manchester* v. *Manchester,* 24 Vt. 649 ; *Sargeant* v. *Seward,* 31 Vt. 509 ; *Carpenter, exr.* v. *Moore,* 43 Vt. 392. Other courts have held the same under a statute similar to ours. *Barbalt* v. *Allen,* 10 Eng. L. & Eq. 596 ; *Stapleton* v. *Crofts,* 10 Eng. L. & Eq. 445 ; s. c. 83 E. C. L. [*367] ; *Alcock* v. *Alcock,* 12 Eng. L. & Eq. 354 ; *Pillow et ux.* v. *Bushnell,* 5 Barb. 156 ; *Barber* v. *Goddard,* Supt. Ct. Mass. 20 Law Reporter, 1857, p. 408. The deposition is also inadmissible for the reason that the citation does not give the name of the magistrate before whom the same is to be taken. *St. Johnsbury* v. *Goodenough,* 44 Vt. 662.

The deposition of Mrs. Bush should have been rejected. It appears upon the face of the citation that it was served upon the plaintiff to appear in Northfield, in the county of *Dakota,* and that the magistrate after receiving it struck out the word *Dakota* and inserted *Rice,* and from the certificate it appears_the deposition was taken in the county of *Rice,* and not in *Dakota.* The

deposition should also be rejected for that by the certificate and caption it appears that the same was taken on the 13th of July, 1874, and certified that the same was taken to be used in a cause to be heard and tried on the same 13th of July, before the referee.

The adverse party had not reasonable time to attend the taking and be at the place of trial. Gen. Sts. c. 36, s. 6, and Acts of 1864 in amendment; *Stephens* v. *Thompson*, 28 Vt. 77.

*Hugh Henry*, for defendant.

The rule that a widow may testify as to those matters which came within her personal knowledge, and are not drawn from confidential communication with her husband, has been long settled in this state. *Williams* v. *Baldwin*, 7 Vt. 503; *Edgell* v. *Bennett*, 7 Vt. 534; *Smith* v. *Potter*, 27 Vt. 304. The citation is sufficient. The statute only directs that the time and place be named. Gen. Sts. c. 36, s. 6, and Acts of 1864, p. 57.

The time for taking Mrs. Bush's deposition was sufficient. *Hough* v. *Lawrence*, 5 Vt. 299. In this case it was in the discretion of the referee, and he has decided it. The mere fact that the magistrate before whom the deposition was taken, by mistake inserted after the words " on the," the words, " 13th day of July, A. D. 1874," cannot vitiate the deposition in view of the fact that the hearing was in fact on the 1st day of October, 1874, as appears by the referee's minutes of the time of opening the deposition, the time of hearing having been left to the agreement of parties at the time of the service of the citation, and never fixed by the referee, but had upon agreement of counsel.* This objection so raised by the plaintiff has not only unsoundness of law, but breach of faith, as its elements—specially the last; and the plaintiff having agreed that the deposition might be taken, and then the time of hearing fixed by agreement of the parties, it is too late to insist on technicalities in this direction. *Clark* v. *Brown*, 15 Vt. 658; *Chandler* v. *Spear*, 22 Vt. 327.

The opinion of the court was delivered by

Ross, J. The deposition of Mrs. Minnie J. Davis was improperly received in evidence by the referee. In the citation served

---

*These facts were not contained in any other paper furnished me.—REPORTER.

on the appellant for taking the deposition, no magistrate was named before whom the deposition would be taken. This alone renders the deposition inadmissible, as was decided at the General Term, in *St. Johnsbury* v. *Goodenough*, 44 Vt. 662.

We also think, on the facts reported, the deponent was disqualified to testify in the case. She is the wife of the administrator, and the widow of the intestate. She is not disqualified by reason of being the widow of the intestate, but that relation to the intestate makes her directly interested in the estate, and in the allowance of the appellant's claim against the estate. The administrator being her husband, is interested in her interest in the estate, and in this way is interested in the event of the suit beyond what he would be in his administrative capacity. As administrator he is a necessary party to the proceedings, and may be personally liable for the costs. He is also brother of the intestate, and for aught that appears in the facts reported, may be interested in the estate as heir. He stands related to the suit, not as a nominal party merely, but as an interested party. His wife cannot be a witness for or against him, not on the ground of her interest in the event of the suit—that disqualification is removed by the statute of 1852—but from policy, because of the existence of the marital relation between her and the administrator, who is both a necessary and an interested party to the proceedings.

The deposition of Mrs. Seymour Bush was properly received by the referee. There is nothing in the record which shows that the citation has been changed since it was issued and served. The name of the county in which the town of Northfield is situated, has been changed since the citation was first written; but there is nothing to show that it has been done since it was served. This court is not to presume that error in that respect has intervened. No complaint is made but that ample notice of the time of taking the deposition was given, but it is objected that the caption shows it was to be used before the referee here in Vermont on the same day the plaintiff was notified to be present in Minnesota at the taking of the deposition, and that it is unreasonable to require the plaintiff to leave the hearing here, to be present at the taking of the deposition in Minnesota—that there was not suf-

64

ficient time for him to return from the place of taking to the place of hearing, before the hearing was to be had. This would be a good ground for rejecting the deposition if the record showed that it was in fact taken to be used on that day. It was taken July 13th, and there is nothing in the record which shows that any hearing was appointed to be held on that day. On the contrary, it appears affirmatively that the deposition was first offered, opened, and used at a hearing had October 1st of the same year. We think that, rejecting the specific day named in the caption for the hearing, the cause in which the deposition is taken to be used is described in the caption with sufficient definiteness to answer the requirements of the statute. As the report of the referee is in favor of the plaintiff if both depositions are rejected, and in favor of the defendant if both are admitted, and as there is no finding as to how the cause should be determined with Mrs. Davis's deposition rejected, and with Mrs. Bush's deposition admitted, this court cannot render judgment on the report.

The judgment of the County Court is therefore reversed, and cause remanded, for the County Court to recommit the report, for the finding of further facts.