JANUARY TERM, 1880. 371

Kaime and another vs. The Trustees of the Village of Omro.

KAIME and another vs. THE TRUSTEES OF THE VILLAGE OF
OMRO.

*April 26 — May 11, 1880.*

*(1, 2)* WITNESS. *(1) Husband as witness in action by husband and wife.*
*(2) Impeachment of witness.*
*(3)* REVERSAL OF JUDGMENT, *for improper admission of evidence.*
*(4)* ESTOPPEL in pais.
*(5, 6)* ORDER OF ARGUMENT: *discretion of trial court.*

1. In action by husband and wife for injuries to the person of the wife caused
   by defendant's negligence, the husband is the real party in interest, and
   may be examined as a witness for the plaintiffs, whatever may be the
   rule as to actions in which he is only a nominal party.
2. When a witness for one party has been questioned by the adverse party as
   to statements made by him before the trial upon matters *not material* in
   the case, he cannot be impeached by contradicting his answers to such
   questions.
3. The improper admission of evidence is not fatal error where it cannot have
   prejudiced the appellant.
4. Where a village charter requires claims of a certain class against the vil-
   lage to be presented to the village board, and, after a rejection, author-
   izes their further prosecution only by appeal from the decision of the
   board, the fact that a claim *not belonging to such class* has in fact been
   presented to and rejected by the board, will not prevent the maintenance
   of an original action thereon in the circuit court.
5. In the absence of positive rules on the subject, the order of argument to
   the jury is matter of practice within the control of the trial judge, and
   an appellate court will not interfere unless there has been a clear abuse
   of discretion, to the probable injury of the appellant.
6. A rule that each party shall open his case to the jury just before intro-
   ducing his evidence, and that, when the evidence is all in, defendant's
   counsel may sum up to the jury, and plaintiff's counsel may then close,
   is in accordance with old and approved practice; and where plaintiff's
   counsel, after having waived his right to open his case to the jury, was
   not confined to a strict reply to the arguments of defendant's counsel,
   this is *held* no sufficient ground for reversal, where it does not appear
   that he was permitted to wander from the issues in the case. A remark
   in *Brown v. Swineford*, 44 Wis., 282, explained; and Rule 23 of the new
   rules (though not in force when this case was tried), somewhat con-
   sidered.

APPEAL from the Circuit Court for *Winnebago* County. The case is stated in the opinion.

*Moses Hooper*, for the defendants, who were appellants.

For the respondents there were briefs by *W. B. Felker*, and oral argument by *C. W. Felker*.

TAYLOR, J.   This action was brought by the respondents against the *Village of Omro*, in its corporate name, for the purpose of recovering damages for an injury sustained by *Mehitabel Kaime* upon one of the sidewalks of a street in said village, which the respondents allege was out of repair at the time, and that such want of repair caused the injury. The respondents are husband and wife, and the only claim made by them on the trial of the action was for the personal injuries sustained by the wife.   The first error assigned by the learned counsel for the appellants is, that the circuit judge permitted the husband to testify in behalf of the plaintiffs on the trial, against the objection of the defendants.

It is urged by the learned counsel that the husband is a nominal party only, and that he is therefore excluded under the rule which holds that a husband cannot testify either for or against his wife in an action to which he is not a party. *Farrell v. Ledwell*, 21 Wis., 183; *Yager v. Larson*, 22 Wis., 184; *Mountain v. Fisher*, id., 93.

If it were admitted that in an action in which the husband was joined as a mere nominal party, having no pecuniary interest whatever in the result of the action (as in an action by the wife concerning her own property, or to recover money or property which belonged to her and in which the husband had no interest), he would not be a competent witness, such admission would not exclude the husband in this case.   The husband had a direct interest in the result of the action; he was in fact the real party in interest; the judgment, if any were recovered, and the money collected thereon, would belong to him.   *Shaddock and wife v. The Town of Clifton*, 22 Wis.,

114. In that case it was held that an admission made by the husband was evidence in the case against him and his wife; and it was so held upon the ground that he was the real party in interest. There can be no doubt that under this decision the husband was a competent witness for himself and wife in this case, and that no error was committed in permitting him to testify.

The second error assigned by the learned counsel for the appellants is, that the court erred in permitting the plaintiff, as a witness on his own behalf, to testify to a certain statement made by one Putnam, a witness called by the defendants, for the purpose of contradicting such witness. Putnam was asked, upon his cross examination, whether he had stated to *Mr. Kaime*, the plaintiff, that he did not know anything about the condition of the sidewalk, and he denied that he had said any such thing. He was also questioned about his being asked by *Mr. Kaime* whether he was subpoenaed, and he answered that *Mr. Kaime* did not ask him that question, but asked him whether "he was engaged on the trial."

*Mr. Kaime* was recalled, and the following question was put to him: "Did Mr. Putnam tell you, on Tuesday last, that he was not a witness, and did not know anything about that sidewalk?" The defendants objected to so much of the question as asks "whether he did not say he was not a witness." It is urged that whether he said he was a witness or not was wholly a collateral matter, in no way connected with the issue in the case, and if, on his cross examination, he denied making such statement, such denial could not be properly contradicted by another witness for the purpose of affecting his credibility. The rule suggested by the learned counsel for the appellants, that when a witness is questioned as to a matter which is not material as evidence tending to prove the issues in the case, his statements as to such matter cannot be contradicted by way of impeaching the credibility of the witness, is undoubtedly the true rule. 3 Wait's Pr., 140, and

cases cited. It is urged that, under this rule, whether the witness Putnam had stated that he was or was not a witness in the case was immaterial matter, and the court should not have allowed his statement on that point to be contradicted.

The question was admissible on cross examination for the purpose of showing the bias of the witness; but as it was a question put to the witness merely for the purpose of showing his bias, the questioner must be content with the answer he receives from the witness. We think, however, in this case, no harm was done to the defendants, and that there was no substantial violation of the rule. The object of the questions put to the witness Putnam on his cross examination was to show that he had stated, a day or two before he went on the stand as a witness, that he knew nothing about the condition of the sidewalk at the time the accident happened. As a witness he had testified that he did know the condition of the sidewalk, and that it was in good condition. It became important for the plaintiffs to show, if they could, that out of court, and shortly before, Putnam had stated that he knew nothing about the condition of the walk. The learned counsel for the appellants does not object to his being contradicted upon the subject of what he said about his knowledge of the condition of the sidewalk, but confines the objection to what was said about being a witness in the case. The question as to whether he was a witness or not was only a part of the inquiry made to find out whether Putnam knew anything about the case. There was no direct contradiction on the subject of Putnam being a witness.

Putnam stated " that *Kaime* asked him if he was engaged in this suit, and he told him he was not — he had not heard anything about it." But he denied that he was asked " whether he had been subpœnaed on the trial." The plaintiff does not state that he asked Putnam whether he had been subpœnaed as a witness on the trial, but he probably construed the statement of Putnam, " that he was not engaged in this suit," as a

denial that he was a witness. We are at a loss to understand how, under these circumstances, the defendants could have been injured by permitting *Kaime* to state that Putnam said he was not a witness, when Putnam himself admitted that he had stated he was not engaged in the suit. The difference in the two statements is not so apparent and material as to cast any discredit upon Putnam's evidence which had not already been cast on it by his own statement. The real point of contradiction, and the one which would tend to discredit the witness, was that he had stated he knew nothing about the sidewalk.

The third error assigned by the appellants was the refusal of the court to direct a verdict for the defendants for the reason that it appeared in evidence that the plaintiffs had presented a claim to the village board for their damages, and that the board had rejected the claim. It is apparent that, under the provisions of the village charter, this was not such a demand as the charter requires must be presented to the board for their action before a suit can be brought thereon; and this is admitted by the learned counsel for the appellants. The fact that they did present their claim, and that it was rejected by the board, cannot put them in a worse condition than they would have been in if they had never presented it. Presenting a claim for allowance and audit by the village board does not require or authorize the party presenting it to appeal from the order disallowing the same, in the manner provided in the charter, if the nature of the claim is such as the board is not authorized to audit and allow. *Stringham v. Board of Supervisors*, 24 Wis., 594.

The learned counsel for the appellants has argued at considerable length, and with great earnestness, that the trial judge committed an error in refusing to permit the counsel for the defendants to make any answer to the argument made by the counsel for the plaintiffs to the jury. The record shows that after the evidence on both sides was closed, the counsel for the

defendants asked the court to direct the counsel for the plaintiffs to open his case and make his argument to the jury; or, in case such direction were not given, that the counsel for the defendants be permitted to close the argument to the jury. This the learned circuit judge refused to do, and stated that "the rule established in his circuit for the trial of cases before a jury was to require the plaintiff to open his case to the jury before he introduces his evidence. After the plaintiff closes his evidence, the defendant opens his case to the jury before offering his evidence; and when the evidence is closed the defendant's counsel, if he chooses, may sum up to the jury, and the plaintiff's counsel closes by his argument to the jury."

The learned counsel for the appellants complains of this order of proceeding as unjust and oppressive, and one which ought not to be tolerated; especially, he urges, unless the plaintiff, in his closing argument to the jury, be confined strictly to a reply to arguments made by the attorney for the defendant.

We are unable to perceive that any injustice is likely to result from the rule adopted by the learned circuit judge. The rule is certainly a very old one, and has been the rule for the trial of cases in the courts of New York, and some other states, for a great many years, and is the rule in the state of New York at this time, as we infer from the statement of the manner of conducting a jury trial in that state by Mr. Wait, in his Practice. Mr. Wait says: "When the cause is ready to proceed, the counsel for the plaintiff, or the party entitled to begin, proceeds to open the case to the jury," and then states the nature of such opening. 3 Wait's Pr., 113. On page 115 he says: "After the plaintiff has put in his evidence and rested his case, the defendant may open his case to the jury;" and on page 167 he says: "After the testimony is all in on both sides, unless there be a motion for a nonsuit, or the court otherwise directs, counsel next proceed to sum up the cause to the jury;" and on page 168: "When the plaintiff has the af-

firmative, as is most frequently the case, the counsel for the defendant should first address the jury, . . . and the party who begins on the trial is entitled to the closing address." This is the rule adopted by the learned circuit judge before whom this case was tried, and it is the practice followed by most of the circuit judges of this state. We are unable to see how the defendant is likely to be prejudiced by this rule, so long as the court restricts the counsel, in their remarks, to the real issues in the case, as it clearly has the right to do, and as we are to presume was done in this case.

This court held in *Brown v. Swineford*, 44 Wis., 282, that if the trial judge refuses, when his attention is called to the matter, to confine counsel to the argument of the questions in issue, such refusal will be held error, for which this court will reverse a verdict rendered in favor of the party whose counsel has been guilty of wandering from the real issues in the case to discuss matters irrelevant and foreign to such issues, when it is apparent that such irregularity has been prejudicial to the interest of the opposite party. What was said in this case as to the propriety of confining the counsel of the plaintiff to a strict reply to the argument of the counsel for defendant, when he waives his opening to the jury, after the evidence is closed, was outside of any question raised or decided in that case, and was not intended as establishing any absolute rule for the government of the trial of causes at the circuit. It is evident that no such rule of practice was intended to be forced upon the trial judges, from the fact that the new rules adopted by this court for the government of proceedings and trials in the circuit courts, do not establish any such practice.

The twenty-third rule affirms the practice which has always prevailed in this state, that "the party having the affirmative shall be entitled to the opening and closing argument," and only makes it imperative that "in the opening the points and authorities relied on shall be stated." Under this rule it could not be held that the plaintiff, in his opening, would be

compelled to exhaust his argument upon the facts of the case. He would be compelled to state his points and refer to his authorities, or the court would very properly prohibit him from making and arguing them after the argument of the defendant was closed. But having fairly stated his points and cited his authorities in his opening, he might, undoubtedly, if he saw fit, discuss the points made in his opening or in his closing, or in both, as he might deem best. If we should hold it error to permit the counsel having the closing argument to make any comments upon the case except such as were strictly in reply to the argument of the defendant, we would open a new and broad field for the assignment of errors; and if such errors were held sufficient to set aside verdicts, the tendency would be to defeat, rather than promote, justice.

We are not inclined to extend the rule as laid down by this and other courts, " that, in the absence of any positive rules upon the subject, the order of argument to the jury is matter of practice, within the control of the trial judge, and an appellate court will not interfere unless there is a clear abuse of discretion, and there is good ground for believing that the party complaining has been injured by a wrong ruling as to such order." *Marshall v. American Express Co.*, 7 Wis., 1; *Central Bank v. St. John*, 17 Wis., 157; *Savings Bank v. Shakman*, 30 Wis., 333; *Bonnell v. Jacobs*, 36 Wis., 59; *Austin v. Austin*, 45 Wis., 523. As the record in this case does not disclose any facts which tend to show that the appellant was injured by the order of argument directed to be had on the trial of this action, we could not reverse the judgment were we to adopt the opinion of the learned counsel for the appellant, that the circuit judge should have directed the plaintiff to open his case to the jury, or otherwise have restricted him in his final address to the jury to a strict reply to the defendant's argument.

*By the Court.* — The judgment of the circuit court is affirmed.