GIDEON SIMKINS AND BETSEY M. SIMKINS *v.* WRIGHT EDDIE.*

*Trespass for assault and battery. Evidence. Hearsay. Damages. Husband. Wife. Witness. Provocation. Self-Defence.*

1. In an action of trespass brought in the name of the husband and wife for an assault and battery on the wife, the husband, being the substantial party to the action, is a witness.
2. In such a case, self-defence having been pleaded, it was not error for the court to omit to charge that provocation mitigated the damages, the defendant having testified that he did not strike because he was provoked, but in self-defence.
3. The defendant also having pleaded that the plaintiffs were never legally married, it was not error to exclude a witness, who would testify that he *had heard* that the plaintiff wife lived with one B. a short time as his wife. It was mere hearsay, not like general reputation.
4. It was competent to show by a witness who had always known her, that he never knew or heard of her marriage, that she always went by her maiden name, until she married her present husband.
5. It was competent to prove the loss of memory, as tending to show the nature and extent of the injury.
6. SELF-DEFENCE. Law as to self-defence as stated in *Howland* v. *Day*, 318, *ante*, approved.
7. The omission in the Revised Laws of the Act of 1863, No. 14, whereby husband and wife were made witnesses in certain cases, was probably unintentional.
8. R. L. s. 1001, witnesses not disqualified by interest.

TRESPASS for an assault and battery on the plaintiff wife. Plea, the general issue, with notice that plaintiffs had never been lawfully married, that said Betsey M. was the lawful wife of one Blunt, and of self-defence.

Trial by jury, December Term, 1882, VEAZEY, J, presiding. Verdict for the plaintiffs. The plaintiff's evidence tended to prove the assault, and that they were husband and wife; the defendant's evidence tended to support his plea and notice, and to prove abusive language as a provocation. The plaintiff,

---

* Heard, February Term, 1883.

Betsey M., testified that she was never married till she married the said Gideon. On cross-examination she said she had one child before she was married. The defendant's counsel then asked her who was the father of the child. The court excluded this question. The defendant offered to prove by a witness, who had known her, that he had heard that said Betsey M. had lived with said Blunt as his wife for a short time in another town some ten or twelve miles from the place where the witness resided. This was also excluded.

The plaintiff improved one Nichols as a witness, who testified that he was 43 years old, that he had always lived in Berlin in the State of New York, that he had known the said Betsey M. since she was a child, that she had always lived in that town with her mother until she married the said Gideon; that he was a shirt manufacturer, and she had worked for him since about 1854, making shirts, that he sent the work to her since her marriage with said Gideon, and she came to Vermont to live; that her name had always been on his books, and he had dealt with her as an employe. This witness was allowed to testify against the objection of the defendant, that he never knew or heard of her marriage until she married the said Gideon, that her maiden name was Betsey Maria Cross, and that she always went by that name until her said marriage. The other facts are sufficiently stated in the opinion.

*W. B. Sheldon,* for the defendant, cited as to self-defence: 50 Vt. 142 ; 43 Vt. 417 ; 13 Vt. 254 ; 2 Whart. Crim. Law, s. 1258 ; as to omission of the court to charge that the provocation mitigated the damages: 21 Vt. 129 ; 28 Vt. 226 ; 16 Vt. 268 ; 39 Vt. 565 ; 40 Vt. 495 ; 2 Greenl. Ev. 262 ; that the question as to the paternity of the child was admissible: 52 Vt. 36 ; also, the testimony of the witness who had heard that the said Betsey M. had been married to one Blunt: 33 Vt. 111 ; that the said Gideon was not a witness: 33 Vt. 20 ; 43 Vt. 393 ; 2 Steph. N. P. 1758. The Revised Laws repealed the Act of 1863, No. 14.

*E. L. Bates* and *J. L. Martin,* for the plaintiff, cited to sus-

tain the charge of the court as to self-defence: *Smith* v. *Wilcox*, 47 Vt. 537; 2 Greenl. Ev. s. 95; 3 Ib. s. 116; testimony of loss of memory admissible: 2 Greenl. s. 89; that testimony of witness who had heard that the said Betsey M. had been married to one Blunt was not admissible: *Stearns* v. *Joyal*, 48 Vt. 291; 1 Greenl. Ev. s. 107; that said Gideon was a witness: 1 Bl. Com. 443; 40 N. Y. 250; R. L. s. 1001.

The opinion of the court was delivered by

ROWELL, J. The charge on the subject of self-defence is substantially like the charge on that subject in *Howland* v. *Day*, *ante*, 318, in which the charge was sustained, and we refer to that case for a statement of the law of the subject.

Defendant has no ground to complain of the court's omission to charge as to provocation mitigating damages, as he testified that he did not strike because he was provoked, but in self-defence.

It was entirely competent to show Mrs. Simkins' loss of memory as tending to show the nature and extent of her injury by the beating complained of.

The question as to the paternity of the child was properly excluded. Nothing appears to show that an answer thereto would have tended to prove the issue made by the notice, which was, that Mrs. Simkins was the lawful wife of Blunt and not or Simkins. No claim was made that she was the wife of any other person. The offer to show by a witness who had known Mrs. Simkins that he had heard that she lived with Blunt a short time as his wife, was mere hearsay, and properly excluded. It was not an offer to show general reputation as proof of marriage, which is something more than mere hearsay. It involves and is made up of social conduct and recognition, giving character to an admitted and unconcealed cohabitation. It sums up a multitude of trivial details. It compacts into the brief phrase of a verdict the teaching of many incidents and the conduct of years.

It is the average intelligence drawing its conclusion : *Badger* v. *Badger*, 88 N. Y. 546 ; 1 Greenl. Ev. s. 107.

The testimony of Nichols was properly admitted. It was competent to show the *fact* that Mrs. Simkins lived a single life up to the time of her marriage with Simkins. It was not showing that she was *reputed* to be single.

The most difficult question is, whether Simkins was a competent witness ; and it arises from what was probably an unintentional omission in the Revised Laws of 1880. The St. of 1863, No. 14, provided that "in all actions when both husband and wife are properly joined either as plaintiffs or defendants, both husband and wife shall be competent witnesses." The Revised Laws repeal the St. of 1863, and attempt to embody its provisions in s. 1005, but fail to embrace that part thereof that provided that the husband should be a competent witness when properly joined as a party with his wife. The St. of 1852, re-enacted by s. 1001 of the Revised Laws, takes away the disqualification of *interest* however arising, but leaves all other causes of disqualification untouched, and the case is left to stand on this statute. The question, therefore, arises, Who is the substantial party plaintiff to this action, the husband or the wife ? If the former, he is a competent witness; if the latter, he is not.

For battery of the wife during coverture, the husband and wife must join if the action is for the personal suffering or injury of the wife, and in such case the declaration must conclude *ad damnum ipsorum*, and not to the damage of the husband alone, for the damages will survive to the wife if the husband dies before they are recovered : 1 Chit. Pl. 73 ; Bing. Inf. & Cov. 247, 248 ; Schoul. Husb. and Wife, s. 142. If she dies before judgment, the action dies with her at the common law : Bac. Ab., Baron & Feme, (K). If they both survive, although the judgment must be that they both recover, yet the husband only is to have the damages according to Godb. 369, cited in Bac. Ab. *supra.* "A feme covert can have no damages." Bac. Ab. *supra.* "Damages allowed as compensation for the frauds and

injuries sustained by the wife go to the husband as well as the rest of her personal property if recovered during his lifetime:" Schoul. Husb. and Wife, s. 142. "The damages recovered belong to the husband alone:" Cooley Torts, 227.

In *Barton and wife* v. *Montpelier*, 30 Vt. 650, and again in *Babcock and wife* v. *Guilford*, 47 Vt. 519, it was held that notice by the husband alone of personal injury to the wife on a highway and claim for damage therefor was sufficient, on the ground, as stated in the latter case, that the husband must if living join in the suit for recovery of the damages, and that, as he was the only person known to the law who could properly institute and prosecute the suit while the wife remained covert, he was the person *claiming* damage within the meaning of the statute requiring the notice to be given " by the person injured or claiming damage." In the former case it is said, that although the case rested on personal injury to the wife, yet the claim was enforceable by suit only by procurement of the husband, on his responsibility and for his benefit; that the claim was his, though to answer the requirements of a purely technical rule, his wife had to be joined.

The damages in the case before us when recovered—the husband not having abandoned his wife—are subject to his control. He can collect and discharge them. They are his absolutely if he chooses to make them so by reducing them to his possession. He is, therefore, the substantial plaintiff, and in testifying, testifies for himself rather than for his wife, and so is a competent witness as the statute now is. This question was ruled the same way in *Kaime* v. *Omro Trustees*, 49 Wis. 371.

Judgment affirmed.

Royce, C. J., was absent on account of illness.