WITTERS, Receiver, etc., v. SOWLES, Ex'r, etc., and others.

*(Circuit Court, D. Vermont. July 17, 1886.)*

1. WITNESS—HUSBAND AND WIFE—SUIT BY RECEIVER OF NATIONAL BANK.
    Where the receiver of a national bank brings suit in equity against husband and wife jointly to reach assets in the hands of the husband as executor of a deceased shareholder, and also, on failure of such assets, to reach the interest of the wife as residuary legatee of such testator, such wife is the real party defendant in interest, and the husband is not a competent witness.

2. SAME—HUSBAND AND WIFE—WHEN INCOMPETENT—LAW OF VERMONT.
    Under the statutes of Vermont (section 1005, Revision 1880) the incompetency of husband and wife to testify against or for each other remains as at the common law, except in divorce proceedings.

In Equity.

Complainant, as receiver of a national bank, exhibited his bill against the executor of a deceased shareholder, to reach assets, if any, in the hands of said executor, also against the executor's wife, to reach her interest as residuary legatee, failing assets in the hands of her husband; and thereupon complainant sought to use the defendant executor as a witness, but the latter declined to testify, for the alleged reason that his wife was an interested party. Motion to compel said defendant to submit to examination.

*C. W. Witters* and *W. D. Wilson,* for the motion.

*H. C. Adams,* contra.

WHEELER, J. Hiram Bellows, the testator, was the owner of 430 shares, of $100 each, of the capital stock of the First National Bank of St. Albans, which, by his will, passed to the defendant Edward A. Sowles, as executor, whose wife is residuary legatee. An assessment equal to the par value of the stock has been laid upon the shareholders of the bank. This bill is brought by the receiver to reach the assets of the estate in the hands of the executor, to pay the assessment upon this stock, if he has sufficient still in his hands for that purpose, and, if not, to reach the assets which have been distributed to the wife of the executor, and to the other defendants, who are also legatees. The orator called the executor as a witness in the cause, who declined to testify because his wife is defendant, and interested also as legatee therein. This proceeding is brought to compel him to testify.

By the laws relating to national banks the executor cannot be made personally liable for this assessment except as the assets of the estate in his hands may be charged for it. Rev. St. § 5152. If there are assets in his hands to be charged with that liability, and they are taken for that purpose, the prospective share of his wife, the residuary legatee, will be lessened to the same amount thereby. If the assessment is charged upon the assets in her hands on account of a deficiency of those in his hands, her estate in possession will be

diminished by so much. If assets in the hands of other legatees are reached, and taken for that purpose, she will be liable to make good the amount to the extent to which she has received assets as residuary legatee. Rev. Laws Vt. § 2209. As the wife of the executor is a party to the suit, she will be bound by any decree that may be rendered therein. From this statement it is apparent that, as between her and her husband, she is the real party in interest, and that, as between her and the other defendants, she is an interested, and not a merely nominal, party. There is no issue in the case in which she is not interested, and none upon which the husband can be called to testify to anything material without testifying directly for or against her.

At common law husband and wife, in all civil, and in most criminal, cases, are not competent witnesses, and not compellable to testify either for or against each other. This is elementary, and is not questioned. By the laws of the United States, with some exceptions not here material, the laws of the state are the rules of decision as to the competency of witnesses in the courts of the United States. Rev. St. § 858. In 1852 the disability arising from interest as a party or otherwise was removed by the laws of the state, and the right of a party to compel an adverse party to appear and testify was given. Laws 1852, §§ 1, 2; Rev. Laws Vt. §§ 1001, 1009. This did not remove or affect the incompetency arising from coverture. *Seargent v. Seward,* 31 Vt. 509; *Cram v. Cram,* 33 Vt. 15; *Davis v. Davis,* 48 Vt. 502. The inadmissibility of the testimony of a wife in several particular cases, not like this, was taken away by various statutes. Rev. Laws, § 1005. In 1863 an act was passed making both husband and wife competent witnesses in all actions when they were properly joined, either as plaintiffs or defendants. Laws 1863, No. 14. When the statutes of the state were revised in 1880 these statutes relating to the testimony of wives were grouped together in a section removing the disqualifications of married women. Section 1005. That part of the act of 1863 taking away the disqualification of a husband was not carried into that section, nor into any other part of the Revised Laws. *Simkins v. Eddie,* 56 Vt. 612. Those laws repeal the act of 1863, and there is no statute of the state left in force removing the disqualification of a husband, except in divorce cases. Rev. Laws, § 1006. They stand, as at common law, incompetent to testify for or against their wives, in ordinary civil cases. *Wheeler v. Wheeler,* 47 Vt. 637. A husband stands, under the laws of the state, as a wife would, if there was no statute removing her incompetency. She could not testify where her husband was a party in interest. *Williams v. Baldwin,* 7 Vt. 506; *Carpenter v. Moore,* 43 Vt. 392.

In *Simkins v. Eddie, supra,* the husband was permitted to testify, although the wife was a party, on the ground that he was the real party in interest, and would testify for himself, and not for her. In *Willey v. Hunter,* 57 Vt. 479, the wife was not a party, but was in-

terested remotely, and the husband was held competent on the ground that she was not a party. His testimony would not be either for or against her in that suit, although it might affect her. Both these latter cases arose under the Revised Laws. Both go upon the ground that the husband could testify because the wife was not a party in interest, and recognize the doctrine that he could not testify if she should be a party in interest.

As the law now stands, and as this case stands, it must be held that the husband is not a competent witness, and is not compellable to testify. Motion denied.