LEWANDOWSKI and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*December 15, 1887 — January 10, 1888.*

*Criminal practice: Limiting number of counsel to address jury: Constitutional law: Discretion.*

1. In a criminal case the court may in its discretion limit the number of defendants' counsel to address the jury.
2. L., M., and P. were tried together for murder. L. and M. were represented by their attorney, and the court assigned an attorney for P. After both of said attorneys had addressed the jury, another attorney asked leave to address the jury on behalf of L. The attorney making such request had stated at the beginning of the trial that he appeared as *advisory* counsel, and had not participated actively in the trial. A part of the defense of L. and M. consisted in an effort to prove that P. alone was guilty of the murder. *Held,* that there was no abuse of discretion in refusing to permit such attorney to address the jury.

Lewandowski and another vs. The State.

ERROR to the Municipal Court of *Milwaukee* County.

The case is stated in the opinion.

*W. H. Ebbets*, for the plaintiffs in error, cited Const. of U. S., Amendments, art. VI; Const. of Wis. art. I, sec. 7; *White v. People*, 90 Ill. 117, 32 Am. Rep. 12; *Williams v. State*, 60 Ga. 369, 27 Am. Rep. 412; *Dille v. State*, 34 Ohio St. 617, 27 Am. Rep. 413, note; *Hunt v. State*, 49 Ga. 255; *People v. Keenan*, 13 Cal. 581; *State v. Hoyt*, 47 Conn. 518; 36 Am. Rep. 89; *Smith v. State*, 51 Wis. 615; Proffatt on Jury Trials, sec. 254; Cooley, Const. Lim. 336.

The *Attorney General* and *L. K. Luse*, Assistant Attorney General, for the defendant in error, cited, besides cases cited in the opinion, *People v. Kelly*, 94 N. Y. 526.

ORTON, J. Frank Pokozywauski, *Frank Lewandowski* and *John Michna* were on trial on an information for murder in the first degree, for the killing of John Datke, in the municipal court of Milwaukee county. It appears of record that B. G. Schley, Esq., an attorney at law, appeared as attorney for the defendant Pokozywauski by assignment of the court, and that K. Shawvan, Esq., an attorney at law, appeared as attorney for the other two defendants. After the testimony was closed, and after the said Schley and Shawvan had addressed the jury on behalf of the defendants they respectively represented, the Hon. W. H. Ebbets, an attorney at law, appeared and stated to the court that he was especially one of the counsel for said defendant *Lewandowski*, and requested that he be allowed to address the jury in his behalf. It appears by the bill of exceptions that on the first day of the trial Mr. Ebbets stated to his honor, the judge of the court, that he was there as *advisory* counsel, and he had appeared no further in the case, so far as the record shows. It appears, also, that the counsel for *Lewandowski* and *Michna* on the trial had made an effort to prove that the defendant Pokozywauski was alone

guilty of the murder, and had made an effort to show that such was the evidence on the argument to the jury. The court, under the circumstances, refused to allow Mr. Ebbets. to further address the jury, and gave as reasons therefor that the rule was to allow only one counsel on a side to address the jury, and that Mr. Shawvan had already addressed the jury on that side; and, further, that Mr. Ebbets. ought not to be allowed to address the jury for the purpose of convicting the other defendant, for whom Mr. Schley appeared. There had been no application for separate trials, and the three · defendants were tried together. All three defendants were convicted of murder in the second degree, and the defendants *Lewandowski* and *Michna* brought their case to this court by writ of error, assigning as error only the refusal of the court to allow Mr. Ebbets. to address the jury, as he had requested.

The learned counsel for the plaintiffs in error made a very able and plausible argument to show that by such refusal the constitutional and legal rights of his client *Lewandowski* had been denied, but he was unable to find a single case where the limitation of more than one counsel on behalf of a prisoner or prisoners tried together to argue his or their cause to the jury was even held erroneous. But in all, or nearly all, of the cases cited it was held that such direction of a trial court was purely discretionary. The cases cited were nearly all of them where the court limited the *time* of the argument unreasonably. They properly held that the court had no right to prohibit the defendant from being heard by his counsel to the fullest reasonable extent; and in this case the defendants were fully heard by competent counsel. It certainly would not answer to hold that the trial court could not limit the number of the defendants' counsel to address the jury. It would be impossible for this court to say that the whole case was not fully and sufficiently presented to the jury by their counsel, who had already ad-

dressed them, or that the further argument of Mr. Ebbets would have even probably changed the result, however able and eloquent a jury lawyer he may be,— and we know that he stands justly eminent as an advocate, and of great experience,— or that the refusal of the court to allow him to further address the jury injured his client or clients in any respect, or abridged his or their legal or constitutional rights of trial. And as a matter of discretion as to how many counsel on a side should address the jury, we certainly cannot say that in this case such discretion was abused. It would seem that this limiting of the number of counsel who should address the jury is as much a matter of discretion as the *order* of argument, which is held to be within the discretion of the court (*Kaime v. Omro*, 49 Wis. 371); and, unless some legal or constitutional right was violated, the discretion of the court in such matter will not be reviewed (*State v. Hoyt*, 47 Conn. 518, 36 Am. Rep. 89). It is like ruling that only one counsel for three prisoners tried together should cross-examine witnesses, as in *State v. Sims*, 16 S. C. 486.

The reason given, that it would be unfair towards the other prisoner to allow more than one counsel to address the jury in order to show that he committed the murder to exculpate the other two, if such was the object, certainly has much force. It would be like appointing an assistant to the district attorney in presenting the case for the state to the jury, against Mr. Schley, who alone appeared for said defendant. It would seem that Mr. Ebbets ought to have made his request before the order of argument, as between Mr. Schley and his associate, had been determined. Mr. Ebbets did not make known to the court that he even intended or desired to *actively* participate in the trial, until the order of argument to the jury had been determined, and until all the other counsel had been heard fully and without any limitation of time. The court acted, and had

the right to act, under the impression that Mr. Ebbets was only *advisory* counsel, and did not intend to participate in the trial *actively* as one of the attorneys, and it seems that he had not so acted previously to making his request.

On the whole record, we hold that the refusal of the court to allow Mr. Ebbets to address the jury on behalf of the plaintiffs in error or either of them, did not deny them or either of them any legal or constitutional right to which they or either of them were or was entitled, and that by such refusal the municipal court did not abuse the discretion which it clearly had in the matter, and that such refusal was not error.

*By the Court.*— The judgment of the municipal court is affirmed.