## O. F. BELLOWS v. E. A. SOWLES.

*Evidence. Forbearance of Opposition to Probate of Will.
Consideration. Undue Influence.*

1.  CONSIDERATION—UNDUE INFLUENCE. In an action to recover $5,000 claimed to have been promised to the plaintiff by the defendant in consideration of forbearance of opposition to the probate of a will in which the defendant was executor and his wife a legatee, where the only issue. tendered upon the consideration was, not whether the will was produced by undue influence, but whether the plaintiff honestly, and upon reasonable grounds, so far as it related to him, believed that it was so produced, evidence was properly admitted to prove the fact that the testator attempted to devise property not owned by him, as tending to show, in view of his character for intelligence, undue influence from some source.

2.  WITNESS—PRACTICE. A witness may complete on re-examination his answer which had been interrupted by counsel on cross-examination.

3.  HEARSAY—ATTORNEY'S ADVICE TO CLIENT—REASONS FOR IT. The plaintiff's attorney testified in chief that he had advised him that he could successfully contest the will on the ground of undue influence; the defendant's attorney asked him on cross-examination where he found the evidence of undue influence, and he replied in what his associate counsel told him; *Held*, on re-examination, that the witness could relate what his associate told him, as it bore directly upon the grounds of his belief and advice to the plaintiff.

4.  PART OF WRITING ADMITTED TO SHOW DATE. When a part of a written document is admitted to prove a date, the whole is not thereby made evidence; but that only is admissible which relates to, or modifies, what had been introduced.

5.  The plaintiff having conceded that he did not claim that undue influence, in fact, was exercised on the testator, evidence was not admissible to show that the defendant and his wife did not exert such influence; nor was the evidence admissible tending to prove that no influence could be exercised over the testator, as the facts offered were wholly unknown to the plaintiff at the time of the negotiation.

ACTION on a contract. Plea, general issue. Trial by jury, April Term, 1885, Franklin County, ROWELL, J., presiding. Verdict and judgment for the plaintiff.

It was averred, in the declaration, that the plaintiff was heir-at-law of Hiram Bellows; that the will of the said Hiram Bellows had been presented to the Probate Court for approval;

that the plaintiff, on the 6th day of December, 1876, claimed "that he was left out of said will, etc. * * * through undue influence had and used upon said Hiram Bellows by said defendant and his wife, Maggie Sowles"; that the will was was void, and should not be approved; that he had employed counsel to contest the validity of the will; that the defendant was executor of said will and interested as legatee, and husband of the principal legatee; that he well knew the claim of the plaintiff, and that he had employed counsel, etc. ; that on said 6th day of December, the plaintiff met the defendant by appointment, and that then and there the matters above set forth were fully talked over; that * * * "in consideration * * * and that the plaintiff would forbear to contest the approval of said will * * * and allow the same to be approved by the Probate Court aforesaid, and would not appeal * * * the said defendant undertook and then and there faithfully promised, to pay the plaintiff the sum of $5,000," etc. ; that plaintiff did forbear to contest the approval of the will; that the will was duly approved December 7, 1876 ; that no appeal was taken, etc. ; and that defendant refused to pay. *See* the declaration in this case set forth in *Bellows* v. *Sowles*, 55 Vt. 391; also see *Bellows* v. *Sowles*, 57 Vt. 164. The plaintiff's evidence tended to show that the defendant made the contract to pay the $5,000, as alleged in the declaration; that the plaintiff performed his part of the agreement; that he was nephew of said Hiram Bellows, and defendant his executor; that plaintiff honestly believed that the will was not the last will and testament of his uncle, and that no provision had been made for him by reason of undue influence exercised by the defendant and his wife upon the testator, and that he determined to contest the probate of the will; that he employed counsel, and made all necessary preparations to oppose its establishment. The testator, during the last twenty years of his life, lived in the same house with the defendant and his wife. The plaintiff testified that he had good reason to believe, and did believe, that he was left out of

Bellows *v.* Sowles.

the will by the procurement of the defendant and his wife, and that he could successfully contest the will ; that one reason that led him to this belief was, that on one occasion he told defendant that a piano which Hiram Bellows had given his daughter was of little or no use, as he, the plaintiff, was too poor to instruct his· daughter in music, and that then defendant said to him that he would have his wife get. some money of said Hiram to instruct his daughter, giving as a reason why his wife should ask for the money " that she could twist him right round her finger."

And further, the plaintiff testified, as another reason why he did not believe said will was his uncle's, that he bequeated to his brother James the use of land he did not own ; and that he submitted all the facts to his counsel, and was advised that he could successfully contest the will.  The plaintiff offered in evidence the will of the father of Hiram Bellows to show that the land willed to James F. Bellows by said Hiram was willed to said Hiram by his father on condition that he supported his mother during her life ; and in connection therewith offered to show that the said Hiram did not perform said condition, and so never acquired title to the land, but yet willed it to his nephew.  The evidence was admitted as an element of the ground of the plaintiff's belief that he could successfully contest the will ; and he testified that it formed one element of his belief.  The defendant excepted.  The testimony tended to show that the plaintiff's father and brother James had been in possession and control of said land for the last forty years, claiming to own it, and that Hiram made no. claim to it, and said he had none.

Geo. A. Ballard, Esq., was called as a witness, and testified that he was counsel for the plaintiff and his brother in the matter of contesting the will ; and that he advised them that they had good grounds to contest it because of undue influence. On cross-examination he was asked where he found evidence of undue influence, and, in answer, he went on to state, among other things, that he found it in what Mr. H. S. Royce, his

associate counsel, told him about being at Alburgh, and talking with certain people there. At this point the witness was interrupted by the cross-examining counsel. On re-examination the plaintiff's counsel requested that the witness might finish his answer, and, against the defendant's objection, was allowed to do so. He then testified that Mr. Royce told him that he was at Alburgh when Mr. Bellows and Maggie (Mrs. Sowles) were there; that there were there three or four witnesses, by whom he could show the influence that was being exercised over Uncle Hiram by Sowles' wife; that he did not think that he could give the details of what they would testify to, but that Mr. Royce and he considered it of importance. It appeared that at the former trial of this case the plaintiff claimed that the contract sued upon was made on the 6th day of December, and that he claimed the same on this trial; but that the defendant claimed, on the former trial, that whatever contract was made, was made on the 29th of the preceding November, and on this trial, that it was made on the 6th of December. On cross-examination the defendant was asked if he did not state positively, on the former trial, that it was on the 29th of November, and he replied that he testified that he thought it was on that day. The plaintiff offered in rebutting, and it was received, a petition for a new trial in this case, brought by the defendant, and written by him, in which he stated positively that the interview was on the 29th of November. The petition was introduced as tending to impeach the defendant. When it was read to the jury the defendant's counsel asked that the five affidavits attached to it be also read, which was denied; but in the defendant's rebuttal they were allowed to be read to the jury, for the purpose stated in the opinion.

The defendant's evidence tended to show that he never made such a contract, as claimed by the plaintiff. The defendant offered to show that neither he nor his wife ever exercised any undue or actual influence on the testator in respect of this will; and that on one occasion defendant's wife made some suggestion

to the testator as to a particular bequest, and he turned upon her with the reply, "Is this your will or mine?" and thereupon she retired from the room in tears, as evidence tending to show that no influence could be exercised, or was, in fact, exercised, over the testator, and as bearing on the question of whether the plaintiff and his counsel were warrated in believing in the existence of undue influence, and as tending to show the testator's character for firmness. The other facts are sufficiently stated in the opinion.

*E. A. Sowles* and *H. C. Adams*, for the defendant.

There was no evidence of undue influence, and hence could be no honest, reasonable ground for belief. Red. Wills, s. 33; *Thornton* v. *Thornton*, 39 Vt. 122. There being no evidence tending to show any honest grounds for belief, it was error to submit the question to the jury. It was error to admit the will of the testator's father, and also the evidence of Mr. Ballard. *Bellows* v. *Sowles*, 57 Vt. 164; 55 Vt. 391. It was hearsay and irrelevant. The erroneous advice of counsel could not make reasonable grounds of belief. It was error to admit the defendant's declarations as to his wife's influence over the testator without showing it was before, or at or about, the time of making the will. *Crocker* v. *Chase*, 57 Vt. 420. It was also error to exclude the defendant's evidence offered to show that neither he nor his wife ever exerted any improper influence over the testator. *Armstrong* v. *Noble*, 55 Vt. 433; *Reed* v. *Reed*, 56 Vt. 492; *Luce* v. *Hoisington*, 56 Vt. 436. It tended to show the testator's character for firmness, which the plaintiff was presumed to know about. Jar. Wills, 132; *Comstock* v. *Haven*, 8 Conn. 254; 99 Mass. 112; *Beckley* v. *Jarvis*, 55 Vt. 348; Pol. Cont. 133.

The affidavits should have been read with the petition for a new trial. Whar. Ev. ss. 618, 1103; Greenl. Ev. s. 202; *Ins. Co.* v. *Newton*, 22 Wall. 32; *Belden* v. *Walton*, 1 Exch. 617; *Rubber Co.* v. *Dunklee*, 30 Vt. 39; *Reed* v. *Reed*, *supra.*

*Wilson & Hall, Farrington & Post, Noble & Smith,* and *Geo. A. Ballard,* for the plaintiff.

There was no error in the ruling of the court in admitting or excluding evidence. The issue was ; Did the defendant make the contract alleged ? Did the plaintiff, acting as a reasonable and prudent man, honestly believe that he had good grounds for contesting the will, and in good faith claim that the will was invalid because of undue influence ? *Bellows* v. *Sowles,* 55 Vt. 391 ; *Blake* v. *Peck,* 11 Vt. 483 ; *Seaman* v. *Seaman,* 12 Wend. 381 ; *Bellows* v. *Sowles,* 57 Vt. 164.

The opinion of the court was delivered by

Ross, J. The exceptions in regard to the admission and rejection of testimony are to be considered with reference to the issues between the parties. The only issue tendered by the plaintiff upon the consideration for the defendant's promise was whether he honestly, and upon reasonable grounds, entertained the belief that his uncle's will was, so far as related to him, the product of undue influence exercised by the defendant and his wife. He expressly waived the right to show, and made no claim from his evidence, that undue influence, in fact, had been used. Upon whether he honestly, and upon reasonable grounds, at the time of the negotiations with, and promise of the defendant, believed that such undue influence had operated in the production of the will, the fact that the testator had attempted to devise property which he did not own, was admissible. It tended to show that the will was not understandingly and intelligently made ; and, considering the character of the testator for intelligence, tended to show undue influence from some source. The will of James Bellows, with the evidence showing that the testator never fulfilled the conditions of the legacy, and hence did not take the land which he devised to his nephew, James F. Bellows, tended to show that the testator specifically devised property which he did not own. Hence this evidence was properly admitted as having a tendency to sustain this issue.

Bellows *v.* Sowles.

That portion of the testimony of George A. Ballard, excepted to, was called out by the question of the defendant, and the court properly might have allowed him to complete the answer, when being cross-examined.    It is not fair usage of a witness to stop him in the middle of his answer, and so, perhaps, make his answer convey a wrong impression.    The court, for the same reason, properly allowed him to complete the answer on re-examination by the plaintiff.    Nor was the testimony given in the further answer open to the objection of being hearsay evidence. What Mr. Royce told him existed as evidence bore directly upon the grounds of the witness's belief and advice to the plaintiff, that he thought the plaintiff could successfully oppose the establishment of the will.   There was no error in allowing the witness Ballard to complete his answer to the question.

The petition for the new trial was properly admitted to impeach the defendant, by showing that his testimony on the stand, in regard to the date of his interview with the plaintiff, was different from what it was in the petition for the new trial and on the former trial.   If the affidavits attached were such an integral part of the petition that the defendant had the right to have them go to the jury, the court accorded him that right.    He was not legally injured, so far as appears, that they were not put in with the petition.    We do not understand that when a part of a written document becomes admissible to show a particular fact, as a date, that thereby the whole document is made evidence in the case.    Only those parts of the document which relate to, modify, or qualify the part introduced are made evidence.    Hence only those parts of the affidavits attached to the petition which qualified or modified the defendant's sworn statement in the petition of the time of the interview, became admissible.    But these portions of the affidavits were no part of the defendant's sworn statement of the date of the interview, and, at most, could only bear upon the honesty and good faith of the defendant in making the sworn statement he did of the date of interview.    The court

admitted them for that purpose. Hence, there was no legal error in the ruling of the County Court on this subject.

The testimony offered by the defendant to show that neither he nor his wife ever exerted any undue influence on the testator in regard to his will was properly ruled out, when the plaintiff conceded that he did not make that issue, nor claim that any undue influence in fact had been exercised on the testator. Nor was this testimony admissible on the issue, whether the plaintiff honestly, and upon reasonable grounds, believed, on the occasion of the negotiations, that the will was produced by undue influence. It was not shown, nor offered to be shown, that the plaintiff then knew of any of the facts offered to be shown. On the defendant's offer, the facts offered to be shown were wholly unknown to the plaintiff at the time of his negotiations, with the defendant. Hence they could have had no bearing upon the plaintiff's belief, pro or con. This disposes of all the exceptions shown by the record.

The judgment of the County Court is affirmed.