## Re EMMA C. BUCKMAN'S WILL, GILBERT D. BUCKMAN, APT.

*A legatee is a competent witness as to the will.   Husband as witness after death of wife. · Privileged conversations. Evidence.*

1.  A legatee under a will is not thereby rendered incompetent as a witness to the capacity of the testator.

2.  A husband after the death of his wife may testify for or against her estate as to all matters not confidential and not affecting her character.

3.  Conversations between them in the presence of witnesses in respect to their respective interests in certain real estate the title to which stood in the wife are not confidential.

4.  The question being upon the probate of a will, evidence that the testatrix had devised property not her own is admissible as tending to show want of testamentary capacity and undue influence.

5.  Evidence of an agreement as to the ownership of property devised only puts that agreement in issue collaterally, and one party may testify in his own favor although the other is dead.

Appeal from a decree of the Probate Court for the district of Rutland admitting to probate the will of Emma C. Buckman. Trial by jury at the March term, 1891, Start, J., presiding. Verdict and judgment for the appellant.    Exceptions by the proponent.

The appellant was the husband of the testatrix.. Upon trial he offered himself as a witness, and was received against the exception of the appellee, to all matters not confidential and not affecting the character of his wife.   Among other things he testified to a conversation in the presence of third persons in which she admitted and agreed that certain real estate of which the title

stood in her was their joint property.   This real estate was devised to persons other than her husband by the will in question.

*Howe & Cooledge,* and *Geo. E. Lawrence,* for the proponent, cited, *Merrill, Admr.* v. *Pinney,* 43 Vt. 605 ; *Hall* v. *Hamblett,* 51 Vt. 589 ; *Marks* v. *Spencer,* 81 Va. 751.

*J. C. Baker,* and *Butler & Maloney,* for the appellant.

The husband might testify after the death of his wife to matters not confidential.   *Edgell* v. *Bennett,* 7 Vt. 534 ; *Smith* v. *Potter,* 27 Vt 304 ; *Carpenter* v. *Moore,* 43 Vt. 392 ; *Stow* v. *Bishop,* 58 Vt. 498.

The matters testified to by him were not of this character. *Parkhurst* v. *Berdell,* 110 N. Y. 386.

Evidence tending to show that the testatrix had willed to others property belonging to her husband was competent upon the question of testamentary capacity.   *Converse* v. *Converse,* 21 Vt. 168 ; *Thornton* v. *Thornton,* 39 Vt. 122 ; *Irish* v. *Newell,* 14 Am. Rep. 79 ; *Shailer* v. *Bumsted,* 99 Mass. 112 ; *Woodward* v. *Sullivan,* 152 Mass. 470 ; *Reynold* v. *Adams,* 33 Am. Rep. 15 ; *Shaver* v. *McCarthy,* 5 At. Rep. 614 ; *McCoon* v. *Allen,* 17 At. Rep. 820 ; *Meeker* v. *Meeker,* 7 Am. St. Rep.489.

The opinion of the court was delivered by

ROWELL, J.   The fact that the contestant is a legatee under the will does not render him incompetent as a witness. The ground and reason for this holding will be found fully set forth in the Foster will case, *ante* 233 and therefore they will not be stated here.

The court properly limited the contestant's testimony to non-confidential matters and to matters not affecting his wife's character.   That is the rule early adopted in this State, and uniformly adhered to in practice.   *Smith* v. *Potter,* 27 Vt. 304. And it makes no difference that had his wife been living the contestant could not have been a witness against her ; for then he would have been incompetent on the ground of public policy ; but

now, the marital relation having been dissolved by the death of his wife, that policy no longer renders him incompetent, only to the extent indicated by the rule stated. *Edgell* v. *Bennett*, 7 Vt. 534.

Nor did the contestant transcend the limit prescribed, by testifying to an agreement or understanding between him and his wife relative to their respective interests in the real estate devised by her will. That was not a matter in which she treated with him in marital confidence when they were alone, but was purely a business transaction, had and done between them in the presence of witnesses, evidently called as such, which precludes the idea of marital confidence.

It is not claimed that the other matters to which he testified were violations of such confidence.

The testimony was relevant to the issue of want of testamentary capacity and to the issue of undue influence; for if the testatrix undertook to devise property not her own, it tended to show mental weakness, as not knowing what property she had nor understanding the true relation she sustained to her husband in respect to their property rights. In *Bellows* v. *Sowles*, 59 Vt. 63, it was held that evidence that the testator undertook to devise property not his own, tended to show undue influence.

The agreement or understanding to which the contestant testified was only collaterally in issue, so the death of his wife did not render him incompetent by statute to testify to it. *Morse* v. *Low*, 44 Vt. 561.

*Judgment affirmed and to be certified.*