BELKNAP, *Ex'r*, v. ROBINSON, *Ap't.*

Upon the issue of undue influence by A upon the wife of B in the making of her will, evidence tending to show that B had an interest in property devised to A is competent.

Whether evidence is too remote, is a question of fact the decision of which is not reviewable at the law term.

APPEAL from the decree of the judge of probate allowing the will of the defendant's wife.   There was a verdict for the defendant on the issue whether the testatrix was induced to make the will by the undue influence of a nephew, to whom she devised the "Sargent lot" at the expiration of a life estate given to the defendant.   The testatrix held the legal title to the lot, but the defendant claimed he was its equitable owner.   It was obtained in exchange for a hotel.   The defendant introduced evidence showing that when the exchange was made he claimed that the deed of the Sargent lot ought to be made to him because he paid for the hotel, and that the testatrix replied that the hotel stood in her name, and that she would not sign a deed of it unless the deed of the Sargent lot was made to her.   He also put in evi-

dence a deed signed by the testatrix, of the same date as the deed of the hotel to her, in which she covenanted with him to stand seized of the hotel to her use for life and to his use after her decease.    The plaintiff excepted to the ruling admitting this evidence.

There was evidence tending to show that the defendant disliked the nephew on account of his misconduct.    One of the defendant's witnesses, of whom he had made no inquiries touching the nephew's conduct, testified on cross-examination that he never saw the nephew drunk, nor any improper conduct on his part. On re-examination he testified, subject to the plaintiff's exception, that the nephew had ridden in company with a married woman to such an extent as to cause public talk and scandal.

*Arthur O. Fuller*, for the plaintiff.

*Edwin G. Eastman*, for the defendant.

CHASE, J.    Evidence that the testatrix obtained the lot devised by an exchange of property, which was paid for by the defendant and in which he had an interest, was relevant to the issue.    The fact that the lot was obtained in that way was a reason why the testatrix should not divert it from him.    It tended to show that she understood the property equitably belonged to him at her decease. Her sense of justice, if she was free from restraint, would naturally influence her not to give it to another.    *Rollwagen* v. *Rollwagen*, 63 N. Y. 504, 519; *Bellows* v. *Sowles*, 59 Vt. 63; *In re Buckman's will*, 64 Vt. 313; *Foster's Executors* v. *Dickerson*, 64 Vt. 233; *Glover* v. *Hayden*, 4 Cush. 580; *Whitman* v. *Morey*, 63 N. H. 448; *Carpenter* v. *Hatch*, 64 N. H. 573.

The testatrix's knowledge of the defendant's dislike for her nephew might reasonably affect her testamentary acts, depending upon her belief in the justice or injustice of such dislike.    The evidence on cross-examination was introduced to show that there was no ground for the dislike.    If it was competent for the plaintiff to show this, it was competent for the defendant to rebut it, and the evidence put in on re-examination was of that nature. Whether it, or any of the other evidence introduced subject to the plaintiff's exception, might have been excluded as too remote, was a question of fact that was decided at the trial term, and the decision is not open to review here.

*Exceptions overruled.*

CARPENTER, J., did not sit : the others concurred.